### Orrin A. Wait v. Norman G. Pomeroy.

*Promissory note : Alteration.* A memorandum written under a promissory note and qualifying its obligation is a part of the contract; and its destruction vitiates the note, even in the hands of an innocent *bona fide* holder.

*Heard May 11. Decided May 13.*

Error to Washtenaw Circuit.

This was an action of trover brought by Pomeroy in the Circuit Court for the County Washtenaw for the value of a pair of horses delivered by him to Wait, in exchange for a promissory note, of which the following is a copy:

$200.00.        TOWNSHIP OF SHARON, Oct. 12, 1868.

One year after date, I promise to pay W. D. Munn or bearer, two hundred dollars, for value received, with ten per cent. interest.

No. 113.        CONRAD HISELSCHWERDT.

The plaintiff offered evidence to show, that at the time of the trade, the defendant stated to the said plaintiff that the maker of the note "lived or had lived on the Rowe farm, and that said note was good and the Dutchman all right," and that if at any time he was dissatisfied with said note, he might return the same, and defendant would trade back; and that the trade was made on those terms. The maker of the note was produced and sworn as a witness on the part of the plaintiff, and admitted that he signed the note, but that when the note was given, there was a clause below stating that if the machine was not delivered the note was not to be paid; the words were—"If the machine should not be delivered this note not to be paid." The witness stated further, "The machine was never delivered. I would not sign the note without those words. I never lived on the Rowe farm. I was not good last April,—I had no property then liable to execution."

The Court charged the jury as follows: If you should find that the defendant represented the note as all right, and if you should find that the note was originally given with a memorandum or writing at the bottom of the note, limiting or fixing the payment of the note upon condition that the machine or implement for which the note was given should be delivered before the note should become payable, and if this memorandum has been removed, and if the machine has not been delivered, then the note, even in the hands of a *bona fide* purchaser, would not be collectible as against the maker. And further, the cutting off a memorandum or writing at the bottom of a note, which, in some material point, affects the terms of the note, would render the note invalid in the hands of an innocent or

*bona fide* holder of the note. To which the defendant excepted. The jury found for the plaintiff, and the judgment entered on the verdict, the defendant below brings into this Court by writ of error.

*Joslin & Blodget,* for plaintiff in error.

*H. J. Beakes* and *R. E. Frazer,* for defendant in error.

CAMPBELL, CH. J.

The only question raised in this case is whether the destruction of a memorandum, written under a promissory note, and qualifying it, vitiates the note in the hands of a *bona fide* holder, having no knowledge of the alteration.

We think it quite clear upon the authorities that the note and memorandum constituted but one contract, and were in law a single instrument. There are some decisions which have held particular memoranda immaterial. But no case has been cited, and we have found none which holds that, if material, it may be disregarded. The cases are fully collected in *2 Pars. Bills and Notes, 539 and seq.* And while a memorandum on a separate paper is said by Mr. Parsons not to affect parties taking without notice, it is otherwise where all is in one instrument. To use the language of the Court of Queen's Bench, in *Warrington v. Early, 2 Ellis and Bl., 763;* "This forms part of the contract. It would clearly have been so if it had been written in the body of the note, and we think a memorandum of this kind written in the corner of the note is equally part of the contract, because the contract must be collected from the four corners of the document, and no part of what appears there is to be excluded." Accordingly a memorandum fixing the rate of interest was held a material alteration of the note, which destroyed its validity.

If it formed a part of the original contract, it was a material alteration to detach the memorandum, and leave the note as if it had been absolute. And it is a principle

well settled that such an alteration avoids the entire obligation. In *Wheelock v. Freeman, 13 Pick. R., 165,* the precise point was decided on such a memorandum separated from a note, and a similar question had arisen in *Coolidge v. Inglee, 13 Mass., 26,* and a similar ruling was made there. The same decision was made in *Johnson v. Heagan 23 Maine R., 329.* In *Burchfield v. Moore, 25 L. and Eq., 123,* the addition of a place of payment was regarded as a material alteration, so as to avoid a bill, although by act of Parliament the acceptance was made a general one when such words were used originally; for the Court held that the acceptor might be prejudiced by the change. And although the bill was in the hands of a *bona fide* holder, it was decided that he could not sue upon the bill, but must look to the party from whom he took it for a return of the consideration. It was held that a similar remedy might be resorted to by the successive holders until they reached the party through whose fraud or *laches* the alteration was made. And the Court remarked, "The negotiability of bills of exchange is to be favored; but with this view it is material that their purity should be preserved." And if the alteration is material, it makes no difference whether apparently favorable or prejudicial. *Gardner v. Walsh, 32 L. and Eq., 162.* That may in some cases have a material bearing, where the fact of consent is in issue.

There seems at first a plausibility in the argument, that a party by signing a note with a separate memorandum beneath, puts it in the power of the holder to gain easier credit for the note, than it would be likely to gain if altered in the body. But as it was well suggested on the argument, no one is bound to guard against every possibility of felony. And practically, it is a matter of every day occurrence, to feloniously alter negotiable paper as successfully by changes on the face as in any other way. The public are not very much more likely to be defrauded in one way than in another. There can never be absolute

safety except by looking to the character and responsibility of the persons from whom such paper is received, and who are always bound to respond for the consideration if it is forged. *Little v. Derby*, *7 Mich., 325.* If a party makes a contract in such a manner as is authorized by law, he has a right to object to being bound to any other. A *bona fide* holder before maturity is allowed to receive the genuine contract, discharged from any equities attaching to the contract itself, as between the original parties, but he cannot get a contract where none was made.

The judgment was correct, and should be affirmed.

The other Justices concurred.