Statement of the case.

GEORGE W. YOCUM

*v.*

JOHN T. SMITH.

| 63 | 321 |
| 89a | ²632 |
| 63 | 321 |
| d191 | ²146 |
| 191 | ²147 |
| 191 | ²148 |
| 191 | ²149 |
| 191 | ²154 |

1. PROMISSORY NOTE—*bona fide.* The holder of negotiable paper, indorsed before maturity, for value, and without notice of faults which might affect its validity between the antecedent parties, takes it unaffected by facts which might render it invalid between the original parties. An exception is created by statute, in case of notes obtained by fraud and circumvention.

2. NEGLIGENCE OF MAKER. Unpardonable negligence attaches to the maker of a promissory note containing blanks which admit of being filled so as to increase the amount, without room for suspicion, such note being evidently intended for circulation.

3. If, after knowledge of the alleged alteration, he fail to put the *bona fide* holder on his guard, until after maturity of the note and threat of suit, he is too late, and can not set up the alteration.

4. If the negligence of one influences and induces an act whereby an innocent man is injured, the culpable party must sustain the loss.

APPEAL from the Circuit Court of Sangamon county ; the Hon. JOHN A. MCCLERNAND, Judge, presiding.

This was an action of assumpsit, by Smith against Yocum, in the Sangamon circuit court, on a promissory note made by Yocum to the order of T. W. Barbour for $320, payable in one year, dated March 5, 1868, which had been indorsed over to M. Matteson, and by him to Smith, a few days after its date.

On June 8, Smith notified Yocum by mail that he had purchased the note, advising him where he had placed it for payment. March 16, 1869, eleven days after the note was due, Smith, by mail, demanded payment and threatened suit, again giving the amount of the note.

Suit was brought in assumpsit, the declaration containing a special count upon the note and the usual common counts. The defendant below filed sworn pleas of the general issue

and *non est factum.* By consent, the court tried the case. Under the defendant's plea, *non est factum,* it was proven that the note was made originally for $300, a deed to a patent right, which constituted the consideration of the note, containing the same amount; and in support of his plea, Yocum swore that the note had been altered, after execution and delivery, from $300 to $320, without his authority, knowledge or consent, and that he never ratified the alteration.

On the part of the plaintiff, Smith, it was shown that he purchased the note in good faith and for a valuable consideration, soon after its execution, of Matteson, in the usual course of business, and that though he notified Yocum of the fact and the amount of the note, he received no notice of the alleged alteration, nor any objection, until he had threatened suit after the note became due. He also swore, and was sustained by experts, that the note bore on its face no evidence or appearance of alteration.

Upon trial, the court below gave judgment for the amount of the note as declared on, with interest. The defendant's motion for a new trial was overruled and the case brought up on bill of exceptions.

Messrs. HERNDON & ORENDORFF, for the appellant.

Messrs. STUART, EDWARDS & BROWN, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The note in suit was purchased in good faith by the holder before maturity, and was duly indorsed to him. When the note was signed, a blank space was left between the words "hundred" and "dollars," which, it is claimed, was filled by adding the words "and twenty." Experts testified that the note was all in the same handwriting, except the signature, and that there was no appearance which would cause a prudent man to suppose that it had been altered. The original

note has been sent up with the record, and there is nothing upon the face of it to indicate that there had been any alteration.

The purchaser was a *bona fide* holder of the note. It was indorsed to him for value, in the usual course of business, and without notice of any equities between the antecedent parties. It was in form perfect, without any indications of alteration, and was current negotiable paper. There was nothing to induce the belief that there was any infirmity about it, and no proof of bad faith in the holder.

Bills of exchange and promissory notes are commercial paper, and are regarded with favor, on account of their general convenience in mercantile affairs. To impeach the title of the purchaser of such paper, more proof should be offered than was submitted in this case.

The rule established by the authorities is, that the *bona fide* holder of negotiable paper, indorsed before maturity for value, and without notice of facts which might affect its validity between the antecedent parties, takes it unaffected by facts which might render it invalid between the original parties. *Swift* v. *Lyson,* 16 Peters, 1 ; *Goodman* v. *Simonds,* 20 How. (U. S.) 343; *Goodman* v. *Harvey,* 4 Ad. & Ellis, 869.

An exception would exist, under our statute, where the note was obtained by fraud and circumvention.

*Taylor* v. *Atchison,* 54 Ill. 196, is referred to to sustain the position that the purchaser was at fault, and did not use proper diligence in buying of a stranger and a seller of patent rights without inquiry of the maker. There is no proof that the immediate indorser was a stranger to the purchaser, or that the latter knew the indorsers were dealing in patent rights, or that the holder had any knowledge that the consideration of the note was connected with a patent right. Therefore the case cited has no application. The purchaser is not required to inquire in regard to a matter of which he has not been informed, and about which he was not put upon his guard.

But the maker of the note acted with unpardonable negligence in signing the same and leaving a blank which could so easily be filled, and thus the amount of the note be increased. He knew the party to whom the note was given; that it would almost certainly be put in circulation; and he was informed, by letter, very soon after the date of the note, by the purchaser, that he had bought it, and of its date and amount; and yet no objection is heard as to the amount of the note for nearly one year.

If the note has been altered, the maker has acted with too gross carelessness to be entitled to protection. The purchaser is entirely innocent, and not even a suspicion of his good faith is created—nothing to show that he had any notice of anything wrong. The maker placed it in the power of another to do an injury, and if any loss result, he must suffer who is the cause of it.

If the negligence of one influences and induces an act whereby an innocent man is injured, the culpable party must sustain the loss. *Harvey* v. *Smith*, 55 Ill. 224; *Young* v. *Grote*, 4 Bing. 253; *Pagan* v. *Wylie*, 1 Ross Lead. Cases, 140; *Garrard* v. *Haddam*, 67 Penn. 83.

In this case, when the maker put the note in circulation, it was an invitation to the public to purchase it from the holder, with apparent title. The alteration could not be detected, and the maker is estopped from urging his defense.

The judgment is affirmed.

*Judgment affirmed.*