PALMER AND ORTON, PLAINTIFFS IN ERROR v. J. F. LARGENT, DEFENDANT IN ERROR.

1. **Alteration of Negotiable Instrument.** A memorandum written under a negotiable instrument and qualifying it, is to be taken as a part of the contract.

2. ———. The fraudulent removal of such a memorandum vitiates the instrument, even in the hands of a *bona fide* holder.

3. ———. But where the words alleged to have been removed were, "this note is given upon condition," and there being nothing to show what the condition was; *held*, that it did not vitiate the instrument inasmuch as they were entirely immaterial.

4. ———. Evidence of the removal of these words was entirely immaterial, and on the motion of the plaintiff should have been excluded from the jury.

5. ———. Where the defense, in an action upon a promissory note is based upon an alleged alteration of the instrument, it is the duty of the court to determine whether such alteration is material.

6. ———. It is error to submit the question of materiality to the jury.

7. ————. The court should have instructed the jury, upon the request of the plaintiff, that said words were immaterial, and that their removal did not vitiate the note.

ERROR from the district court of Richardson county. The opinion states the facts of the case.

*Schoenheit & Reavis*, for plaintiffs in error, cited *Herrick v. Baldwin*, 17 Minn., 209. *McCramer v. Thompson*, 21 Iowa, 244, 249. *Murray v. Graham*, 29 Id., 520. *Rainbolt v. Eddy*, 34 Id., 440.

*Frank Martin* and *E. S. Towle*, for defendant in error.

LAKE, CH. J.

I. The action in the court below was brought by the plaintiffs, as indorsers of two promissory notes executed by the defendant, for $167.50 each, negotiable and payable in twelve and eighteen months respectively. By the bill of exceptions it appears, that the plaintiffs received said notes in the ordinary course of business before maturity, paying therefor a valuable consideration, so that they are to be regarded in the light of innocent holders of commercial paper. The defense, which seems to have been relied upon on the trial, and in respect to which the alleged errors occurred, consisted of an alteration of these notes by the payee, before they were transferred to the plaintiffs. This alteration was effected by detaching from each of the notes the words, "this note is given upon condition," which had been appended thereto by the maker, after he had signed them, but before their delivery to the payee.

Of themselves, these words were wholly ineffectual to vary or modify the terms of the notes to which they were attached, even as between the maker and payee.

What the nature of the condition was, or whether it had the effect, in a certain contingency, to change the liability of the maker, nowhere appears. Surely it cannot be legitimately inferred from them, that the payment of the notes was made conditional upon the happening of any event whatever; nor do we see how the removal of these words could have prejudiced the defendant in the least possible degree. It is doubtless the law, as adjudged in numerous cases, that a memorandum written under a promissory note, and qualifying it, is to be taken as a part of the contract, and given due weight in its construction. So, too, the fraudulent removal of such a memorandum vitiates the note, and avoids the obligation of the maker, even in the hands of a *bona fide* holder. *Wait v. Pomeroy*, 20 Mich., 425 (4 Am. Reports, 395). *Benedict v. Cowden*, 49 N. Y., 396 (10 Am. Reports, 382). These were cases where the alteration was of a material part of the contract, by which the liability of the maker was altogether different from that which he originally assumed. But in the case before us, for aught that appears, the alteration was of an immaterial part, and furnishes us no ground whatever to defeat a recovery on the notes.

We hold, that, when the plaintiffs had established the fact of their being *bona fide* holders of these notes, for value, they were entitled to a verdict in their favor, notwithstanding the alleged alteration. It follows, therefore, that the testimony of the two witnesses, Riggs and McPherson, as to the alteration, and to which the plaintiffs objected, on the ground of its immateriality, should have been excluded from the jury. Its admission gave the jury to understand that it was material to the issue, and proper to defeat a recovery on the notes. In this, we think, there was error, which calls for a reversal of the judgment.

II.   The court was requested, on behalf of the plain-
tiffs, to charge the jury, that, if they found from the
evidence, "that the plaintiffs were *bona fide* holders of
the notes, and received them in good faith, indorsed to
them by L. S. Riggs, the payee, before due, and for a
valid consideration paid by them, the jury should find
for the plaintiffs." This was refused, and the follow-
ing instruction substituted and given, viz:   "If the jury
find from the evidence, that the plaintiffs are *bona fide*
holders of the notes in controversy, and received them
in good faith, properly indorsed before due, and for a
valuable consideration, *and that said notes have not been
materially changed*, then, in that event, you must find
for the plaintiffs." The first of these instructions was
based upon the idea, that the alleged alterations of these
notes was entirely immaterial, furnishing no reason
whatever why their payment should not be coerced.   In
it we think the law of the case was stated correctly, and
it ought to have been given as requested, and without
modification.

In the instruction which the court substituted for this
one, there is error in the portion which we have italicised,
by which the jury were intrusted with the duty of decid-
ing upon the materiality of the alteration.   This duty
rests upon the judge presiding at the trial, and could
not be shifted upon the jury.   Further, we are of opin-
ion, that the instruction given by the court, on its own
motion, was well calculated to mislead the jury, for
while abstractly considered, it states the law respecting
the alteration of commercial paper correctly, it was
inapplicable to the case as made both by the pleadings
and the evidence.   The jury were given to understand,
by the silence of the court on that point, that the alleged
alteration, if established, was fatal to the plaintiffs' case.
They should have been told that it was of no conse-

quence whatever, and could not relieve the defendant of the obligation which he had assumed.

For these reasons the judgment of the court below is reversed, and a new trial awarded.

JUDGMENT ACCORDINGLY.