W. D. DAVIS, PLAINTIFF IN ERROR, V. ANDREW HENRY, DEFENDANT IN ERROR.

1. **Promissory Note:** CONTRACT. A contract upon the same paper with a negotiable promissory note, which contract modifies and qualifies it, cannot be detached from the note. In such case the note, if detached and transferred to an innocent purchaser before maturity, will not entitle the holder to recover thereon. COBB, J. dissenting.

2. ———: ALTERATION. Where by the terms of a promissory note it was not to draw interest, and the payee without the consent of the maker adds the figure "7" to the note to indicate the rate of interest, *Held*, To be a material alteration, and to avoid the note.

ERROR to the district court for Platte county. Tried below before POST, J.

*Whitmoyer, Gerrard & Post,* for plaintiff in error.

*John G. Higgins,* for defendant in error.

MAXWELL, J.

This action was brought before a justice of the peace of Platte county upon a promissory note, of which the following is a copy:

"$90      PLATTE CO., NEBRASKA, Nov. 11, 1879.

One year after date, I promise to pay Laird & Dezendorf, of Nebraska City, Nebraska, or bearer, Ninety Dollars, at Nebraska City, Nebraska. Value received. With interest at 7 per cent from date. P. O., Cherry Hill.

"No. 171.                 "W. D. DAVIS.

"645.   Due Nov. 11, 1880."

An appeal was taken from the judgment of the justice to the district court, where Davis filed an answer, in which

34

he states that at the date of the instrument sued on, Laird and Dezendorf represented to him that they were the corporation known as "The Eureka Iron Fence Co.," engaged in the business of manufacturing iron fence posts and barbed wire at Nebraska City and Lincoln. That said wire and posts were manufactured by an improved method, and they were anxious to procure him to act as agent for them, to sell their products in his neighborhood, and in consideration of his acting as such agent, they would furnish him with wares of their own manufacture of the value of $90. And that they would furnish him all the posts and wire he might require at much less than the regular prices, the same to be sold on commission at a large profit or used by himself. That the commissions were to be applied in payment of the $90, and that this contract and note were embodied in one agreement, but that the note has since been separated from the agreement, and the action is brought thereon as a separate instrument. That no such company as "The Eureka Iron Fence Company" existed, and he has received no consideration whatever for said instrument. There is also an allegation that "the $90 was to draw no interest, but since the signing and delivery of said instrument, an alteration has been made by inserting 7" as the rate of interest it was to bear.

It appears from the testimony that the plaintiff in error is a man in fair circumstances, and abundantly able to pay his debts, and the defendant in error knowing these facts, purchased this note from a stranger a few days after it was given, paying therefor the sum of $50. The plaintiff in error, his wife, and son testified on the trial that the note was a part of a paper purporting to be a contract, the note being on the bottom part thereof, and the signature being at the foot of such agreement, and what now purports to be a promissory note has been separated from the remainder of the agreement. There is no contradiction of this testimony, but it appears that the defense was not made before

the justice, and also that Henry notified the plaintiff that he had purchased the note soon after he obtained the same, and that the plaintiff called upon him, but said nothing about the note being separated from the contract. These are facts that the plaintiff has failed to explain in his testimony.

Where there is a contract written upon the same paper and qualifying the terms of a negotiable promissory note, and such note is severed from the contract, it is invalid even in the hands of innocent holders. The reason is, it is not the instrument which the maker signed. Thus in *Wait v. Pomeroy*, 20 Mich., 425, a negotiable promissory note was given for a machine to be delivered, and below the note these words were written: "If the machine should not be delivered this note not to be paid." These qualifying words were cut off and the note transferred to an innocent purchaser for value before maturity. The machine was not delivered. The court held that the memorandum formed a part of the contract, and as it had been removed it was not the contract of the maker.

*Scofield v. Ford*, 9 N. W. R., 309, was similar to the case at bar. In that case the defendant undertook to sell seeders and cultivators as agent of one Woodard, and signed a paper as a contract setting forth the terms of the agency. He had no intention of signing a promissory note, but the paper signed contained in the lower right hand corner words which, taken by themselves, constituted a note. After the signing of this instrument the note was detached from the contract and transferred. The court held that the plaintiff was not entitled to recover.

In *Palmer v. Largent*, 5 Neb., 225, this court say: "A memorandum written under a promissory note, and qualifying it, is to be taken as a part of the contract and given due weight in its construction. So, too, the fraudulent removal of such a memorandum vitiates the note, and avoids the obligation of the maker even in the hands of a *bona*

*fide* holder." See also *Benedict v. Cowden*, 49 N. Y., 396.

If the jury should find that the contract was as claimed by the plaintiff in error, and that this note was severed from the contract, there can be no recovery thereon even if it is admitted that Henry is an innocent purchaser.

The court instructed the jury as follows: "You are instructed, as a matter of law, the alteration of the note by inserting the figure '7' above the place where the figures '10' had been crossed out, was an immaterial alteration, and did not affect the legal obligations between the parties to the note. It is therefore your duty to disregard all testimony relating to the same in making up your verdict."

This clearly is incorrect. To change a promissory note which was not to draw interest to one drawing interest, without the consent of the maker of the note, is a material alteration that will avoid it. *Patterson v. McNeely*, 16 Ohio State, 348. *Ivory v. Micheal*, 33 Miss., 393. *Hart v. Clouser*, 30 Ind., 210. *Fay v. Smith*, 1 Allen, 477. *Neff v. Horner*, 63 Penn. St., 327. Daniels on Neg. Inst., sec. 1385. The judgment of the district court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.

COBB, J., dissents from the first clause of the syllabus in its terms, but concurs in the order granting a new trial.