Hope v. Barker.

---

HOPE v. BARKER, *Appellant.*

Division One, November 28, 1892.

**Promissory Note:** NEGOTIABLE CHARACTER: UNCERTAIN SUM.   The words, "without interest thereon if paid at maturity; if not paid at maturity to bear ten per cent. interest from date," in a promissory note negotiable by its terms, do not render the sum to be paid uncertain, so as to deprive the note of its negotiable character.

*Certified from Kansas City Court of Appeals.*

AFFIRMED.

*James T. Burney* for appellant.

(1)   The instrument sued on in the first count in the petition, not being certain and unconditional as to the amount to be paid, is not a negotiable promissory note.   *Bank v. Gay*, 63 Mo. 33; *Bank v. Marlow*, 71 Mo. 618; *Storr v. Wakefield*, 71 Mo. 622; *Bank v. Gay*, 71 Mo. 627; *Samstag v. Conley*, 64 Mo. 476; *Fitzharris v. Leggatt*, 10 Mo. App. 527; *Garrettson v. Purdy*, 3 Dak. 178; *Bullock v. Taylor*, 39 Mich. 237; *Meyer v. Hart*, 40 Mich. 517; *Sweeney v. Thickstun*, 77 Pa. 131; *Woods v. North*, 84 Pa. 407; *State v. Taylor*, 10 Ohio, 378; *Johnson v. Speer*, 23 Alb. L. J. 13; *Boozer v. Anderson.* 42 Ark. 167; *Adams v. Seaman*, 23 Pac. Rep. 53; *Coffin v. Spencer*, 39 Fed. Rep. 262; *Altman v. Ritterhofer*, 12 W. Rep. 262.   (2)   On the first count in petition, therefore, judgment should have been rendered in favor of defendant, the evidence showing that plaintiff exercised no diligence in trying to collect the debt from the maker of the contract.   *Meis v. Geyer,* 4 Mo. App. 405; *Stone v. Corbett*, 20 Mo. 350; *Samstag v. Conley*, 64 Mo. 476.   (3)   A tender of the balance due on the second count in petition, with the costs of suit to the date of tender, having been duly made, judgment should have been rendered for plaintiff for the amount tendered, and for defendant for the balance of the costs.

*Noah M. Givan* for respondent.

The note sued on, which provides it shall be "without interest thereon if paid at maturity; if not paid at maturity to bear ten per cent. interest from date," is a negotiable promissory note.   *Parker v. Pleymell*, 23 Kan. 403; 9 Rep. 815; *Smith v. Crane*, 33 Minn. 144; 53 Am. Rep. 20; *Towne v. Rice*, 122 Mass. 67; *Hough-*

ton v. *Francis*, 29 Ill. 244; *Nickerson v. Sheldon*, 33 Ill. 372; 85 Am. Dec. 280; *Bank v. McMahon*, 38 Fed. Rep. 284; 1 Daniel on Negotiable Instruments [3 Ed.] secs. 48, 53; Tiedeman on Commercial Paper, secs. 25*d*, 28, 28*a*; *Stillwell v. Craig*, 58 Mo. 24; *Riker v. Mfg. Co.*, 14 R. I. 402; 51 Am. Rep. 413; *Kirk v. Ins. Co.*, 39 Wis. 138; 20 Am. Rep. 39; *Bank v. Skeen*, 29 Mo. App. 115; affirmed 110 Mo. 683; *Hope v. Barker*, 43 Mo. App. 632.

BLACK, J.—This case was certified to this court by the Kansas City court of appeals.

The plaintiff sued the defendant as an indorser of the following notes:

"$194.25.    LEE's SUMMIT, December 14, 1887.

"One year after date I promise to pay to the order of Dell Barker, agent, $194.25, without interest thereon if paid at maturity. If not paid at maturity to bear ten per cent. interest from date. For value received. Negotiable and payable at the Bank of Belton, Belton, Missouri.    JOHN E. WATSON."

It is agreed that, if this is a negotiable promissory note, the judgment must be affirmed, but, if it is a nonnegotiable note, then the judgment should be reversed. An additional statement of the facts is, therefore, unnecessary. The claim of the defendant is that the words, "without interest thereon if paid at maturity; if not paid at maturity to bear ten per cent. interest from date," render the note uncertain as to the amount to be paid, and for this reason it is not a negotiable promissory note.

It is everywhere agreed that one of the rules in regard to negotiable paper is that the amount to be paid must be certain, and not made to depend on a contingency. There is, however, some difference of opinion in the application of the rule. In *Bank v. Gay*,

63 Mo. 33, the note, besides a promise to pay a certain sum at a specified date with interest from maturity at a given rate, contained these words: "And if not paid at maturity, and the same is placed in the hands of an attorney for collection, we agree and promise to pay an additional sum of ten per cent. as attorneys' fees." This promise to pay an attorney's fee was held to destroy the negotiable character of the note, because the payment of a part was uncertain, and made to depend upon a contingency. That ruling has been followed in subsequent cases, and is now the settled law of this state, whatever may be the rule in such cases elsewhere. *Samstag v. Conley*, 64 Mo. 476; *Bank v. Marlow*, 71 Mo. 618; *Bank v. Jacobs*, 73 Mo. 35. To load down negotiable paper with such contingent collateral contracts can have no other effect than to destroy the simplicity of such paper; and we do not depart in the least from the rule declared in these cases. The rule as to the degree of certainty required in the statement of the amount to be paid may be illustrated by other well-known examples. Thus it is held that the negotiable character of a note or bill is destroyed by adding to the promise to pay a specified sum such words as these: "All other sums which may be due;" "all fines according to rule;" "the demands of the sick club, at, etc., in part of interest." 1 Parsons on Notes and Bills, 37.

But it seems to us it ought to be conceded without argument that the cases before cited and the illustrations just given are entirely unlike the case now in hand. Tiedeman says: "It is also somewhat common in notes that are payable in installments to provide that, if the maker shall fail to pay any one of the installments, the whole sum shall become due and payable. Such a note is held to be negotiable." He cites *Carlon v. Kenealy*, 12 M. & W. 139, which sustains the text.

He goes on to say: "It is also sometimes provided in notes that, if any installment of interest should be paid, the whole debt, principal and interest, shall then become due and payable. Such a note would undoubtedly be recognized as negotiable, there being no difference in principle between it and the note which is made to fall due upon the failure to pay an installment of the principal." Tiedeman on Commercial Paper, sec. 25*d*. In *Towne v. Rice*, 122 Mass. 67, it is said: "An additional rate of interest is provided for if the note shall not be met at maturity; but, as the sum to be paid is still definite and payable absolutely, this cannot affect the negotiability." And in *Riker v. Mfg. Co.*, 14 R. I. 402, it is held that the reservation in a note of the right to pay the same before maturity, in installments of not less than five per cent. of the principal, does not render the note uncertain as to the amount or terms of payment.

It is held in Pennsylvania, as by this court, that these conditional "collection fee" contracts destroy the negotiability of a note, and in the discussion of such a case it was said: "Interest and costs of protest after non-payment at maturity are necessary legal incidents of the contract, and the insertion of them in the body of the note would not affect its negotiability. * * * But a collateral agreement, as here, depending too, as it does, upon its reasonableness, to be determined by the verdict of a jury, is entirely different." *Woods v. North*, 84 Pa. St. 407.

Interest is but an incident to the debt, and it is a thing as to which it is usual and customary to contract even in negotiable paper. Surely it cannot be maintained that a note ceases to be negotiable because of the addition of such words as "with interest from maturity at the rate of eight per cent. per annum." This is but another way of expressing an agreement

that if the note is not paid at maturity it shall from that time bear interest at the rate of eight per cent. per annum. The only difference in the case just supposed and the one in hand is that here the principal is to bear interest from the date of the note if not paid at maturity, instead of bearing interest from and after maturity. In both cases the amount to be paid is fixed, definite and certain. The judgment of the Kansas City court of appeals is, therefore, affirmed, that court having affirmed the judgment of the circuit court.