HUMPHREY HARDWARE COMPANY v. CHARLES M. HERRICK.*

FILED DECEMBER 21, 1904. No. 13,673.

1. **Promissory Note: ALTERATION.** The alteration of a negotiable promissory note, after delivery, by filling in blanks left therein, where there is nothing on the face of the note to indicate such

* Rehearing denied. See opinion, p. 881, *post*.

alteration, will not invalidate the note in the hands of a *bona fide* endorsee, for value, before maturity, and without notice of such change.

2. **Negligence: EQUITY.** If the negligence of one influences and induces an act whereby an innocent man is injured, the culpable party must sustain the loss. *Yocum v. Smith*, 63 Ill. 321, followed and approved.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*C. O. Whedon*, for plaintiff in error.

*Wilson & Brown*, contra.

OLDHAM, C.

This was a suit by an innocent holder, for value, of a promissory note executed by the Humphrey Hardware Company, a copartnership, for $2,500, due 90 days after date, and bearing interest at the rate of 10 per cent. The defense interposed was that the note had been fraudulently altered by the payee by inserting in the blank spaces the rate and date of interest, and place of payment. It was admitted that the note was properly executed and delivered by the defendant, Humphrey Hardware Company, to Francis B. Chapman, the payee named therein. It was admitted that the note was written by the payee, and that the blanks were also filled by him, so that the note stood fair on its face at the time it was purchased by the plaintiff in the court below. There was a direct conflict in the testimony of Chapman, the payee, and Wheeler, the secretary and treasurer of the defendant company, as to whether the blanks in the note were filled before or after the delivery of the note to the payee. It was clearly established, howver, that when the note was negotiated the blanks had all been filled, and that the written portion of the note and the blanks for rate of interest, date of interest, and place of payment were all in the same handwriting. On issues thus joined, there was a trial to a jury in the court below,

a verdict for plaintiff, and defendant brings error to this court.

The facts clearly proved surrounding the execution and delivery of the note were that Chapman, the payee named in the note, was the business manager of defendant company; that the company was in need of money, and Chapman offered to advance $2,500 for the use of the company if defendant would give him a note for such sum. The company accepted the proposition, and directed the execution of a note, which was accordingly done by the secretary and treasurer of the company. That on the execution and delivery of the note the payee, Chapman, took the note to the Columbia National Bank and negotiated it as collateral security to his own note for the purpose of procuring the money, which was accordingly done, and the money was thereupon turned over to the defendant company. The only conflict in the testimony is as to when the three blanks in the note were filled, whether before its delivery to Chapman or after; however, there is no conflict in the testimony, which clearly establishes that the blanks had all been filled before the note was negotiated. The trial court, after allowing the witnesses to go fully into the entire transaction leading up to the execution and delivery of the note, submitted the cause to the jury on an instruction which told it, in substance, that, if the jurors believed from the evidence that the alteration in the rate and the time of drawing interest was made after the delivery of the note by the defendant company to the payee, without the knowledge or consent of the defendant, then they should find for the defendant. This instruction, we think, was all if not more than defendant was entitled to under the evidence contained in the record.

. .It seems to be well supported by the authorities that the alteration of a promissory note, after delivery, by filling the blanks left therein, where there is nothing on the face of the note to suggest an alteration, will not invalidate the note in the hands of a *bona fide* endorsee, for value, before maturity, and without notice of such alteration. The rea-

son of this rule is that, where the maker of a note signs it and delivers it to the payee, with blank spaces in the note for the rate of interest, the time of maturity, or the place of payment, he will, in a contest with an innocent purchaser of the paper, before maturity, and for value, be held to have authorized the payee to fill in the blank spaces, unless the paper on its face bears evidence of mutilation or alteration. Or, as was said by the supreme court of Illinois, in the case of *Yocum v. Smith,* 63 Ill. 321:

"If the note had been altered, the maker has acted with too gross carelessness to be entitled to protection. The purchaser is entirely innocent, and not even a suspicion of his good faith is created—nothing to show that he had any notice of anything wrong. The maker placed it in the power of another to do an injury, and if any loss results, he must suffer who is the cause of it. If the negligence of one influences and induces an act whereby an innocent man is injured, the culpable party must sustain the loss."

Under this view of the case, no other judgment than that rendered in the court below could have been sustained either under the law, the evidence or the conscience of the transaction, and we therefore recommend that the judgment of the district court be affirmed.

Ames and Letton, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on motion for rehearing was filed March 23, 1905. *Motion overruled:*

PER CURIAM:

Conceding all that is claimed by the plaintiff in error with reference to the alleged alteration of the instrument sued on, it would not be a material alteration in the sense

that the instrument would be void in the hands of a good-faith purchaser, for value, before maturity. The alleged alteration consisted only in filling the blanks in the note sued on by inserting therein the rate of interest, the date from which interest was to begin to run, and the place of payment. The note was written by the payee, and the blanks filled at the time or immediately after its execution, and before its negotiation. The right of the holder to fill these blanks is under an implied authority given by the maker, and, when the note has passed into the hands of an innocent third party, this implication of authority becomes conclusive, and the instrument is a valid and enforceable one against the maker. This rule is abundantly supported by the authorities collated in a monographic note to *Burgess & Co. v. Blake,* 128 Ala. 105, 86 Am. St. Rep., note 9, p. 107.

In *Hurlbut v. Hall,* 39 Neb. 889, it is not made clearly to appear whether the insertion of the rate of interest was in a blank left for that purpose when the note was delivered, or whether it was by an interlineation which would be apparent upon the face of the note. If the note is complete upon its face when it is delivered, and material matters are inserted in the note thereafter, such additions to the note would constitute an alteration, although it was not apparent from an inspection of the note itself that the additions thereto had been made after the delivery of the note.

The motion for a rehearing is denied.

MOTION OVERRULED.