CAMPBELL BOTHELL, APPELLANT, V. HERMAN G. SCHWEITZER ET AL., APPELLEES.

FILED APRIL 24, 1909.  No. 15,648.

1. Bills and Notes: ALTERATION. A written agreement modifying the terms of an accepted bill of exchange and securely glued thereto is a part thereof, and cannot be lawfully detached therefrom without the maker's consent.

2. ———: ———. If such contract be unlawfully detached from the note, an innocent holder of the bill in due course, may, under section 9322, Ann. St. 1907, recover according to the import of the entire contract, but no further.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. Affirmed.

Burkett, Wilson & Brown and E. F. Snavely, for appellant.

Morning & Ledwith, contra.

Root, J.

Action by an indorsee of an accepted bill of exchange. Defense that said instrument had been altered after its delivery by detaching therefrom certain material conditions. There was judgment for $20, the amount due according to the entire contract between the drawer and acceptor, and plaintiff appeals.

1. The evidence discloses that Converse, the payee of the bill, who was also the drawer, sold defendants, who are country merchants, a bill of cheap watches, and secured the instrument in suit payable five months from its date. At the same time Converse executed and delivered to defendants a written agreement that, if sufficient of the watches were not sold within five months to pay the entire bill, they might return the unsold goods and receive credit at the invoice price. One of the defendants testified that they refused to sign the bill of exchange until a copy of Converse's agreement was glued thereto, and that their reason for this requirement was that they did not want the bill to get into the hands of an innocent purchaser who might cause them trouble. Converse admits making the agreement with defendants, but denies that it was ever attached to the bill of exchange; but the evidence is sufficient to sustain the jury's finding in favor of defendants on this point. Plaintiff's deposition was taken, and, although he denied notice or knowledge of any equities in favor of defendants, he did not state that the bill of exchange when purchased by him did not have attached thereto the agreement, nor deny detaching it himself. It may be questioned whether plaintiff's testimony was sufficiently specific to negative guilty knowledge on his part. Conceding, however, that plaintiff did not participate in nor have knowledge or notice of the separation of the agreement from the note, we are satisfied that the judgment should be affirmed. The note and the agreement were parts of the same transaction, and together measured the rights of the

parties. The entire contract thus made did not absolutely bind defendants to pay the amount of the bill of goods, but only to pay in cash, at the end of five months, to the extent of the money received by them for the goods sold in the meantime, with the privilege of satisfying the remainder of the bill by the return in good condition of the watches then in their possession.

In *Palmer v. Largent,* 5 Neb. 223, although the case did not turn on that point, it was held that a memorandum written under a negotiable instrument, and qualifying it, is considered part of the contract, and, if fraudulently removed, will vitiate the note in the hands of a *bona fide* holder. In *Davis v. Henry,* 13 Neb. 497, it was decided that, if a contract referring to and qualifying a negotiable instrument is written on the same piece of paper with the note, and the former is detached without the maker's consent, the note will be void, even in the hands of an innocent purchaser. Professor Bigelow in his work on Bills, Notes and Cheques (2d ed.), p. 221, says that marginal terms, conditions and stipulations, which are intended to be part of the written contract, are treated by the better authorities as inseparable from the main writing to which the signature is given, and that no distinction is made by the better authorities between the alteration of the body of the note and detaching therefrom such marginal agreements. In either case the note is rendered void. See, also, *Gerrish v. Glines,* 56 N. H. 9; *Stephens v. Davis,* 85 Tenn. 271, more fully reported in 2 S. W. 382; *Scofield v. Ford,* 56 Ia. 370; *Wait v. Pomeroy,* 20 Mich. 425.

Plaintiff relies on *Yocum v. Smith,* 63 Ill. 321, which was cited with approval by Mr. Commissioner OLDHAM in *Humphrey Hardware Co. v. Herrick,* 72 Neb. 878. Plaintiff also argues that *Humphrey Hardware Co. v. Herrick, supra,* is controlling in the instant case. In the last cited case a negotiable instrument was signed and delivered to the payee with appropriate blank spaces

wherein, after such delivery, the rate and date of interest and place of payment were inserted. In the opinion of the court on the application for a rehearing the decision was properly based on the apparent authority given by the maker to the payee to fill in those blanks. But no such apparent authority was given Converse or any one else to detach the agreement from the bill of exchange. We do not think that this is a case where the rule applies that, if a person's negligence influences and induces an act whereby an innocent man is injured, the culpable party must sustain the loss.

In the case of *Scholfield v. Londesborough*, 45 Week. Rep. (Eng.) 124, it was held that the fact that some space intervened between the character £ and the figures 500 in an accepted bill of exchange did not render the acceptor liable for £3,500, the figure 3 having been fraudulently inserted between said character and the figure 5. It is held therein that men engaged in business transactions are not to anticipate that some one will commit a felony. In *Stephens v. Davis, supra,* a note had been executed, and conditions qualifying it were written upon a stub to which the note was attached. It was held that, although a perforated line separated the stub from the note, the maker was not bound to anticipate a forgery by the separation of the writings, and his conduct did not estop him from maintaining a defense of alteration when sued by an innocent holder of the detached note. There are authorities to the contrary, but we are satisfied with *Davis v. Henry, supra.* If the agreement, as testified to by defendants, was glued to the note, it could not have been detached except by deliberate, skilful and painstaking efforts, and for the purpose of defrauding the acceptors.

Under the provisions of section 123 of the negotiable instrument law (laws 1905, ch. 83; Ann. St. 1907, sec. 9322), plaintiff was permitted to recover upon the note according to its original terms. Defendants are willing

to deliver to plaintiff the unsold watches, and he does not have just cause for complaint.

2. Plaintiff argues that defendants should have returned the watches to Chicago on or before January 1, 1907, and, not having done so, are not entitled to the benefit of the agreement. Converse, however, in December, 1906, requested defendants to retain the goods until the succeeding March, and wrote them that he would then make satisfactory arrangements concerning the unsold watches. He thereby waived delivery according to the terms of the instrument. Plaintiff has refused to accept the watches, and will not be heard to say that they should have been tendered to Converse.

The judgment of the district court is right, and is

AFFIRMED.