FARMERS LOAN & TRUST COMPANY, APPELLANT, V. WALTER
PLANCK, APPELLEE.

FILED APRIL 16, 1915.   No. 18059.

Bills and Notes: NEGOTIABILITY.   A promissory note is not rendered
    nonnegotiable by the insertion of the following provision:   "A
    discount of 6 per cent. will be allowed, if paid in full within fif-
    teen days from date."

APPEAL from the district court for Madison county:
ANSON A. WELCH, JUDGE.   *Reversed.*

*M. S. McDuffee,* for appellant.

*William V. Allen* and *William L. Dowling, contra.*

ROSE, J.

This is an action on a promissory note for $587, dated
August 30, 1909.   The principal is payable in six instal-
ments maturing at different times within 13 months.   The
Equitable Manufacturing Company is named as payee and
defendant is maker.   By mesne assignments plaintiff, Sep-
tember 1, 1909, became the holder of the note as collat-
eral security for a loan.   The instrument, when executed,
was attached to a contract for the purchase of jewelry and
it was given for the price thereof.   Under the terms of
sale defendant was entitled to the possession of a piano
to be given as a prize to the holder of the largest number
of jewelry certificates issued by defendant to purchasers
of goods from him.   Plaintiff claims to be a holder of the
note for value before maturity.   In his answer defend-
ant pleaded that the note was obtained by fraudulent rep-
resentations; that he immediately rescinded the contract of
purchase; and that he never received the jewelry or the
piano.   Upon a trial of the issues the district court directed
a verdict in favor of defendant, and plaintiff has appealed.

Defendant contends that, under the rule in *Bothell v.
Schweitzer,* 84 Neb. 271, the note in controversy is not ne-

98Neb.15

gotiable, and that even a *bona fide* holder cannot recover in an action thereon. When Planck signed the note it was attached to the order for goods to be shipped, but was separated therefrom by a perforated line, above which were these words: "The instalment note below to be detached by Equitable Mfg. Co." The contract of sale also contained the following: "If goods are shipped, detach and credit my account with attached instalment note which I hereby give in payment of this bill. If goods are not shipped, note is to be returned to me." In the *Bothell* case the note was glued to the contract of sale and was unlawfully detached. In the present case, when the goods were shipped, the note was detached according to agreement. The rule in the *Bothell* case is correct, but is inapplicable here.

The note executed by defendant contained the following provision: "A discount of 6 per cent. will be allowed, if paid in full within fifteen days from date." Is the negotiability of the note thus destroyed? Under the statute an instrument, to be negotiable, "must contain an unconditional promise or order to pay a sum certain in money." Rev. St. 1913, sec. 5319. The act of the legislature defines what a "sum certain" is, but does not mention discount. Rev. St. 1913, sec. 5320. The authorities upon this point are in conflict. In the following cases it is held that such a note is nonnegotiable: *Fralick v. Norton,* 2 Mich. 130; *Story v. Lamb,* 52 Mich. 525; *Way v. Smith,* 111 Mass. 523; *National Bank of Commerce v. Feeney,* 12 S. Dak. 156; *Farmers Loan & Trust Co. v. McCoy & Spivey Bros.,* 32 Okla. 277, 40 L. R. A. n. s. 177.

*Story v. Lamb,* 52 Mich. 525, follows the holding in *Lamb v. Story,* 45 Mich. 488. In *Kirkwood v. First Nat. Bank,* 40 Neb. 484, this court said: "In *Lamb v. Story,* 45 Mich. 488, it was held that the negotiability of a note payable on or before two years from date was destroyed by a memorandum attached, providing that if paid within one year there should be no interest, and that case is cited by Mr. Daniel in support of a similar statement, and is the only authority cited. We are not satisfied with that doctrine. In *Hope v. Barker,* 112 Mo. 338, the provision was 'with-

out interest thereon if paid at maturity; if not paid at maturity, to bear interest from date.' It was held that that . provision did not destroy the negotiability of the note, the note on its face showing what should be paid at any particular time, and being therefore certain in its terms."

In *Farmers Loan & Trust Co. v. McCoy & Spivey Bros.*, 32 Okla. 277, 40 L. R. A. n. s. 177, it is held that a provision in a note similar to the one now in controversy impairs its negotiability. This decision rests upon *Randolph v. Hudson*, 12 Okla. 516, and South Dakota cases therein cited.

In *Randolph v. Hudson,* 12 Okla. 516, it was held that a provision, "with interest at the rate of 12 per cent. from date, if not paid at maturity," destroyed the negotiable character of the note. This is contrary to *Hope v. Barker*, 112 Mo. 338, cited with approval in *Kirkwood v. First Nat. Bank*, 40 Neb. 484.

Oklahoma also holds that a provision for an attorney's fee, if the debt is not paid at maturity, renders the note nonnegotiable. This is contrary to the holding in *Stark v. Olsen*, 44 Neb. 646, and is inconsistent with the negotiable instruments law. The Oklahoma cases were decided under local statutes in force when the notes were executed, and in the *McCoy* case the court says that it does not decide what the result would be under the negotiable instruments law subsequently adopted by that state. The Oklahoma decisions were rendered under the following statutory provisions: "A negotiable instrument must be made payable in money, only, and without any condition not certain of fulfilment," and "must not contain any other contract than such as is specified" in the statute. These provisions were adopted from South Dakota, and the Oklahoma cases follow the South Dakota construction.

. . In *National Bank of Commerce v. Feeney*, 46 L. R. A. · 732, 737 (12 S. Dak. 156), it is held that "a stipulation for a discount of 12 per cent., if a note is paid before maturity, renders it nonnegotiable because of the uncertainty as to the amount to be paid," and the court quotes an earlier decision containing the following language: "While, in the opinion of the writer, a promissory note,

otherwise unobjectionable, meets the requirements, and stands the test of negotiability, when there is no date at which the exact amount then due cannot be ascertained by inspection and computation, this court has placed itself in line with a class of authorities which require such a degree of certainty that the exact amount to become due and payable at any future time is clearly ascertainable at the date of the note, uninfluenced by any conditions not certain of fulfilment; and the rule thus established must control cases subsequently arising, where the facts are substantially the same."

The doctrine thus stated is in conflict with some of the Nebraska decisions and with the negotiable instruments law. *Kirkwood v. First Nat. Bank,* 40 Neb. 484; *Stark v. Olsen,* 44 Neb. 646; *Fisher v. O'Hanlon,* 93 Neb. 529; Rev. St. 1913, secs. 5320, 5322.

In *Loring v. Anderson,* 95 Minn. 101, it is held that a note providing for a discount of 6 per cent., if the debt is paid on or before maturity, does not make the instrument nonnegotiable, as the amount of the deduction is readily ascertainable from the face of the paper. To the same effect is *Harrison v. Hunter,* 168 S. W. (Tex. Civ. App.) 1036. This is in harmony with the statutory and the general rule that a note is negotiable, though payable on or before a certain date. Rev. St. 1913, sec. 5322. The amount of the discount and the amount due on the note in controversy, if paid within 15 days from date, are sums readily ascertainable.

With the question of negotiability determined in favor of plaintiff, the peremptory instruction for defendant is erroneous. Whether plaintiff is a "holder in due course," within the meaning of the statute, and whether there was fraud on the part of the original payee are issues not determined on this appeal. The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.