## STATE BANK OF ORANGE GROVE v. WILLIAMS. (No. 6894.)

(Court of Civil Appeals of Texas. April 18, 1923.)

1. Evidence ⬅️444(6)—Notes for broker's commissions held sufficient to admit of proof to show whether sale had in fact been consummated.

Notes for broker's commission conditioned upon consummation of sale for which commission was given *held* sufficient, standing alone, to admit proof to show whether sale had in fact been consummated, since it was a condition precedent that trade be consummated before commissions were earned.

2. Brokers ⬅️86(1)—Evidence held to sustain finding that brokers not entitled to commissions unless sale was consummated.

Evidence *held* to sustain finding that brokers were not to be paid commissions for sale of owner's property unless sale was consummated.

3. Bills and notes ⬅️116—Indorsement on back of note is a part thereof.

Indorsement on back of a note is as much the note itself as though it were written in and upon its face and body.

4. Bills and notes ⬅️155—Notes for broker's commission conditioned upon consummation of sale held not negotiable.

Notes for broker's commission conditioned by indorsement upon consummation of sale

for which commission was given *held* without a promise to pay at a fixed or determinable date, and hence not negotiable under Uniform Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—4).

**5. Bills and notes ⊕⟶369—Maker held not negligent in circulating original without indorsement making it conditional.**

Maker of note for broker's commission which by indorsement was conditioned upon consummation of sale *held* not negligent in circulating note without the indorsement, though it was written in his presence, on paper attached to note which was afterwards lost, where paper was attached so securely as not to be discovered by maker and remained there for some nine months.

**6. Bills and notes ⊕⟶369—Maker not bound by act of payee in carelessly permitting blank note to come off pad with another, where payee was acting for himself.**

Maker of note for broker's commissions, who attempted by indorsement on back to make it conditional, *held* not bound by act of payee in carelessly permitting blank note upon which indorsement was made, and which was afterward lost, to come off pad with blanks on which note was written, where payee was acting for himself and not as maker's agent.

**7. Alteration of instruments ⊕⟶9—Note treated as materially altered, where indorsement conditioning payment was made on attached blank which later became separated.**

Where indorsement on note for broker's commission, conditioning it upon consummation of sale, was written on blank attached to note, and was thereafter lost, note was to be treated as an instrument which had been materially altered.

**8. Alteration of instruments ⊕⟶20—No recovery on note materially altered unless maker careless in issuing it.**

There can be no recovery on a note which has been materially altered, unless maker was careless in issuing it.

**9. Alteration of instruments ⊕⟶20—Bills and notes ⊕⟶378—Any material alteration avoids a negotiable instrument; holder in due course may enforce instrument according to original tenor.**

Any material alteration avoids a negotiable instrument, except only that holder in due course may enforce payment according to its original tenor.

On motion for rehearing. Former opinion reversed, and judgment below affirmed.

For former opinion, see 252 S. W. 222.

Perkins & Floyd, of Alice, for appellant.

E. B. Ward, of Corpus Christi, for appellee.

COBBS, J. [1, 2] In this case, upon the facts, the trial court found:

"I find. that if the said Lee earned any commissions, it was a part of his agreement with Williams, the defendant, that no commissions were to be paid by Williams unless Butler, the purchaser, should pay the notes evidencing a part of the consideration, and that the sale in contemplation of the parties was not considered consummated until Butler paid the purchase-money notes, and that the said Butler failed to pay such notes, and consequently the commissions did not accrue, and the defendant did not become liable therefor."

The language used, "in the event this sale is not consummated through failure or agreement it shall be null and void," is a sufficient basis, standing alone, to admit of proof to show whether the sale had or had not in fact been consummated, not because of any latent ambiguity in the language needing explanation, but because it was a condition precedent that the trade must be consummated before the commissions were earned, and within the contemplation of the parties it was never consummated. There is ample testimony to sustain the court's finding.

Mr. Williams testified, and his testimony is fully supported not only by the payees in the note but by others. Mr. Williams testified:

"I had sold this land before and had to take it back, and I told these gentlemen I would not pay a commission under any circumstances where I was getting no money. * * * When they brought this party to me, I told them I would not pay any commission where I got no money, and they asked me if I would give them a conditional note on the condition that Butler pay this note due me the first of November. Because the Butler note was not to draw interest before November, I was not to pay them interest, and these notes began bearing interest on even date with the Butler note, and matured on even date with the Butler note, so that if Butler paid they got their money, and if Butler never paid they never got their money."

The Butler note was not paid, the trade was rescinded, Butler reconveyed the land to appellee, and appellee released to Butler the collateral security, the Comanche county land. We feel bound by the findings of the trial court on the findings made by him.

We do not think there is so much doubt as to the meaning of "consummated," or that it is so ambiguous in its meaning as to require proof to explain it; but we do believe it was permissible to introduce evidence to show the true facts in respect to the real and final consummation of the trade, because unless it was completed appellant had no right to demand any commission. Railway v. Jones, 63 Tex. 527; Hueske v. Broussard, 55 Tex. 201.

[3, 4] In regard to appellant's right to recover as an innocent purchaser for value without notice, etc.: The indorsement on the back of a note is as much the note itself as though it were written within or upon its face and body. Meade v. Sandidge, 9 Tex.

---

⊕⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Civ. App. 360, 30 S. W. 245. Therefore the language of the indorsement is such as to leave the note without a promise to pay at a fixed or determinable date, only upon the happening of a future event; that is, the consummation of the trade which may only happen upon a future date. Such instruments are not negotiable under the Uniform Negotiable Instruments Act, R. S. 6001a4 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—4). This being true, appellant's right to recover is based upon the doctrine of innocent bona fide holder for value.

[5] It cannot be held that appellee was negligent in the matter of circulating the note without the indorsement. It is true it was written by Lee in his presence and the presence of Moore, but not because he issued a note that invited tampering; besides there is no finding by the court of negligence on appellee's part in issuing the note. Meade v. Sandidge, supra.

[6] It cannot be held that appellee was bound by the act of Lee as his agent in carelessly permitting the blank note to come off the pad with the original upon which the indorsement was made and afterwards lost by Lee. Lee was acting for himself, not for appellant; perhaps for both.

[7, 8] The indorsement was written on the attached paper so securely as not to be discovered by appellee and remained there for some nine months, when Lee says it got wet and became separated from the attached note, and having been laid on a table to dry was blown away. This note must be treated as an instrument in which it was materially altered, and there can be no recovery thereon unless the maker was careless in issuing it. Landon v. Halcomb (Tex. Civ. App.) 184 S. W. 1099; Bothell v. Schweitzer, 84 Neb. 271, 120 N. W. 1129, 22 L. R. A. (N. S.) 263, 133 Am. St. Rep. 623.

It may be that the question as to whether appellee was negligent and careless in issuing the note to Lee with the note attached to the blank upon which the indorsement was written was a jury question; but, as there is no issue requested or special finding made on that question, we presume the court found there was no negligence, but per contra found specifically appellant was charged with notice, and that said indorsement was a part of the note, and that appellee at all times relied upon the conditions therein written and at no time waived them or contended that the same should be eliminated from the note. In Landon v. Halcomb (Tex. Civ. App.) 184 S. W. 1099, it is held:

"If at the time the contract was executed the parties thereto intended and understood that the note was to remain permanently attached to the order, as found by the jury, then it follows that the separation of the order from the note for the purpose of negotiating the note was a material alteration of the note which precluded any claim on the part of plaintiff that he should be protected as an innocent purchaser and holder of the note for value without notice of any defense thereto. Baldwin v. Haskell Nat. Bank, 104 Tex. 122, 133 S. W. 864, 134 S. W. 1178; Otto v. Halff, 89 Tex. 384, 34 S. W. 910, 59 Am. St. Rep. 56; 1 Ruling Case Law, p. 990; 2 Corpus Juris, 1176 and 1210; Rochford v. McGee, 16 S. D. 606, 94 N. W. 695, 61 L. R. A. 335, 102 Am. St. Rep. 719. And this is true notwithstanding the fact that the order was attached to the note by a perforated line, thus rendering the separation of the two instruments in such a manner as possibly to mislead the purchaser of the note. Stephens v. Davis, 85 Tenn. 271, 2 S. W. 382; First Nat. Bank v. Dorsey [Tex. Civ. App.], 166 S. W. 54; Bothell v. Schweitzer, 84 Neb. 271, 120 N. W. 1129, 22 L. R. A. (N. S.) 263, 133 Am. St. Rep. 623."

To the same effect is the case of Bothell v. Schweitzer (Nebraska Supreme Court), reported in 84 Neb. 271, 120 N. W. 1129, 22 L. R. A. (N. S.) 265 with annotations, 133 Am. St. Rep. 623.

[9] It will be seen from the provisions of our statute, and from the well-considered authorities, that any material alteration of a negotiable instrument avoids the same, except only that the holder in due course may enforce payment according to its original tenor. In other words, the note must be treated as the original note with the indorsement written at length thereon.

No question arises here of any negligence on the part of appellee in issuing the note in question as to permit the alteration.

We are satisfied that we erred in reversing and rendering the judgment of the trial court.

The motion for rehearing is granted, and the judgment of the trial court is affirmed.