## Zimmerman *et al. versus* Rote.

1. A negotiable note on a printed blank was signed after there was written on the margin, that it was given for a patent and not to be paid till a profit specified was made. The condition was cut off and the note passed to a bonâ fide endorsee for value, without notice. The consideration failed. *Held*, in a suit by the holder, that this was no defence by the maker.

2. The note was to order " for value received without interest, waiving the right of appeal and of all valuation, appraisement, stay and exemption laws." *Held* to be negotiable.

3. The maker must guard the public against frauds and alterations by refusing to sign negotiable paper in such form as to admit of fraudulent practices with ease and without ready detection.

4. Garrard *v.* Haddan, 17 P. F. Smith 82; Phelan *v.* Moss, 17 P. F. Smith 59 ; Zimmerman *v.* Anderson, 17 P. F. Smith 421, followed.

January 25th 1871. Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Union county*: No. 121, to July Term 1870.

The action in this case was debt, commenced November 18th, 1868, by Frederick Zimmerman and Frank L. Herdic, endorsees of E. W. Lowe, against Adam Rote.

The action was founded on the following note, which was endorsed " E. W. Lowe."

---

$125.00       *Township of Hartley, March 26 1868*

*Six months after date I promise to pay* E. W. LOWE, *or order*    One

   Hundred and Twenty-five         *Dollars for value*

*received with interest, waiving the right of appeal, and of all valuation, appraisement, stay and exemption laws.*

                         *Adam Rote*

---

[Zimmerman *v.* Rote.]

The defendant filed an affidavit of defence, to wit: "That the note upon which suit is brought was given to the plaintiff for the right to sell the plaintiff's patent rotary washing-machine, in the township of Hartley, in the county of Union, but with the express agreement on the part of plaintiff that the said note should not be paid by defendant until the profits accruing to the defendant by the sale of said machine in the said township of Hartley, should amount to the sum of two hundred and fifty dollars. And that after six months, if defendant did not wish to retain the said right to sell in said township, the plaintiff agreed to receive back the said territory from said defendant, free of charge to said defendant for the same, and that said plaintiff agreed to send to said defendant one dozen of the said machines, as part of the consideration of the said note, in addition to the said right to sell in the said territory. And the defendant swears that the profits from the sale aforesaid of the said machines have not amounted to the sum of two hundred and fifty dollars, nor to any sum at all. Plaintiff never having sent the one dozen machines aforesaid, and defendant, according to the terms of the contract, requires plaintiff to take back the said territory free of charge to said defendant. More than six months having expired since the execution of the said contract."

The case was tried February 22d 1870, before Woods, P. J.

The plaintiff gave the note and endorsement in evidence.

The defendant, under objection and exception, testified: "This note is not the same as when I signed; it was two or two and an half inches wider or larger than it is now; there was written on the note or the margin of it 'until the profits amounted to $250;' the man I gave the note to write it, called himself Lowe's agent; I gave the note for a patent right of a washing-machine, Lowe's patent; one dozen of the machines were to be sent to Lewisburg within ten days; he then drew up the note as it is here; I refused to sign until he put on the note that I was not to pay until the profits amounted to $250; he then put it on the left end of the note, and I signed it; the end has been taken off since I signed it; there was no signature to the part cut off; that part was written; the note was in a book of notes when I signed it. * * * He never sent me any machines." There was evidence from a witness present at the transaction, corroborating the plaintiff's statement.

The plaintiff gave evidence that they took the note in the usual course of business for a valuable consideration, and before maturity.

Besides answering points submitted by both parties, the court charged:— * * *

"The defendant also alleges as a further defence to this suit, that the note on which it is found has been altered in a material part, in other words that it is a forgery. He alleges that the paper originally was some two and a half inches longer than it is, and

that there was written on this end, that this note was only to be due and payable on certain terms. A forgery may be committed in other ways than by writing the name of another to a note. Any alteration after the note is signed, in a material part, without the consent of the drawer, is a forgery. Any addition or erasure, or any material change, will be a forgery. The first impression on our mind was, that even if this whole allegation of the defendant were true, it would not amount to a forgery. The giving of a note, as in this case, and intrusting it in the hands of the drawee in such a way that he could alter it without it being possible to detect it, should not be available against an innocent holder without notice; but this point appears to be a difficulty ruled in Worrall v. Gheen, 3 Wright 388. In obedience to the principle there ruled, we instruct you that if the part described as written on the margin of this note was made by the parties to it, at the time it was executed, and it was to be a substantive part of the note, and was intended at the time to be such part and parcel of the note; then the cutting or tearing off this part would be such an alteration as would amount to a forgery and would destroy the note. But to have this effect you must be satisfied that when it was put there, it was to be a part of the note and not merely a memorandum of the terms on which the note was given. If you find this point in favor of the defendant he would be entitled to your verdict. If you are not so satisfied the plaintiffs would be entitled to recover the amount of the note with interest from the time it fell due."

The verdict was for the defendant.

The plaintiffs took a writ of error, and with others, assigned for error the charge of the court.

*J. W. Maynard* and *G. F. Miller*, for plaintiffs in error.—That a note was obtained by fraud, &c., is no defence against a bonâ fide holder for value without notice: Chitty on Bills 70; Harrisburg Bank *v.* Meyer, 6 S. & R. 537; Wilkinson *v.* Nicklin, 2 Dallas 398; Bullock *v.* Wilcox, 7 Watts 328.

*J. C. Bucher* and *J. M. Linn*, for defendant in error.—Forgery renders an instrument void: Miller *v.* Reed, 3 Casey 244; Worrall *v.* Gheen, 3 Wright 396. The note was not negotiable: Bircleback *v.* Wilkins, 10 Harris 27; Carsuth *v.* Middleton, 2 Phila. R. 45; Overton *v.* Tyler, 3 Barr 346.

The judgment of the Supreme Court was entered May 30th 1872.

PER CURIAM.—The first question upon the note in this case as to its negotiability is settled by the decision in Zimmerman and Herdic *v.* Anderson, heard at Philadelphia at January Term 1871, 17 P. F. Smith 421.

We there held that the waiver of appeal, valuation and appraise-

[Zimmerman v. Rote.]

ment, stay of execution, and exemption, contained in the note does not destroy its negotiability: 17 P. F. Smith 421.

The other question as to the alleged forgery or mutilation of the note by cutting off a separate agreement written at one end of the paper on which the note is written, is also settled by the case of Phelan v. Moss, 17 P. F. Smith 59, in which it was held that the note in the hands of a bonâ fide holder without notice of the fraud and for a valuable consideration, is not affected by the separation of the written agreement, there being nothing on the face of the note to indicate that the writing had ever constituted a part of the note. The same principle is recognised in Garrard v. Hadden, 17 P. F. Smith 82. It is the duty of the maker of the note to guard not only himself but the public against frauds and alterations, by refusing to sign negotiable paper made in such a form as to admit of fraudulent practices upon them, with ease and without ready detection.

Judgment reversed, and a *venire facias de novo* awarded.