Noll *v.* Smith.

## NOLL *v.* SMITH.

PROMISSORY NOTE.—*Payable in Bank.—Contract Susceptible of being Altered Into a Note.—Negligence.—Bone Fide Holder.* One who, in executing what he understands to be, and is, a contract other than a promissory note, executes an instrument which may be so mechanically separated as to present an apparently perfect promissory note payable in bank and bearing his signature as maker, is guilty of negligence, and is liable thereon to a *bona fide* endorsee thereof, for value and before maturity.

'From the Warren Circuit Court.

*F. M. Sutton* and *J. W. Sutton*, for appellant.

*J. McCabe*, for appellee.

NIBLACK, J.—William C. Smith, as the endorsee and holder, sued Benjamin Noll on two promissory notes, as follows :

"$180.     WARREN COUNTY, IND., May 11th, 1875.

"Nine months after date, I promise to pay to the order of Charles DeWolf, at the First National Bank of Attica, Indiana, one hundred and eighty dollars, with interest at

the rate of ten per cent. per annum from date, value received, without any relief from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and nonpayment of this note, or before if made from the sale of machine.                                        BENJAMIN NOLL."

"$180.          WARREN COUNTY, IND., May 11th, 1875.

": Nine months after date, I promise to pay to the order of Charles DeWolf one hundred and eighty dollars, payable at the First National Bank of Attica, Indiana, or before, if made from the sale of the machine, value received, without any relief from valuation or appraisement laws. Interest at ten per cent. from date.     BENJAMIN NOLL."

Both these notes were endorsed to the plaintiff.

The complaint was in two paragraphs, one paragraph on each note, and separate demurrers were overruled to both paragraphs.

The defendant answered in three paragraphs:

1. Admitting the execution of the notes, but averring that there was a condition annexed to both notes, that they were not to be paid unless the defendant sold machines, known as " Charles Green's Check Rower," for planting corn, equal to the amounts of said notes, and within the time limited for the payment thereof; that said condition and notes were written on the same paper; that said notes have been altered, in this, that the said condition has been taken off said notes, since the signing and delivery thereof, by some person unknown to, and without the knowledge or consent of, the defendant.

2. Averring that the notes sued on were given to vend " Charles Green's Check Rower," a machine for planting corn, in a certain township in Warren county; that, when said notes were executed, they had a condition annexed to them that they were not to be paid if defendant's sales of said machines, within the time limited for the payment of

such notes, were not equal to the amounts of the notes; that said notes and condition were written on the same paper, and were delivered as one instrument; that said condition has since* been taken off from said notes, without the knowledge or consent of the defendant, by some person unknown to him. Wherefore the notes sued on are not the instruments in writing executed and delivered by the defendant.

3. Setting up that the notes sued on were given for the right to vend " Charles Green's Check Rower," a machine above described, and that the words in said notes, " or before, if made from the sale of the machine," had reference to the sale of said machine; that said notes had a condition annexed thereto, that they were to be paid within the time limited, or before, if the profits upon the sales of machines equalled the amounts of the notes; that said condition fully set forth the meaning of said words, " or before, if made from the sale of the machine; " that the notes sued on were not the instruments signed and delivered by the defendant, because said condition has since been taken off, without the defendant's knowledge or consent.

The plaintiff demurred to each paragraph of the answer, and his demurrer was overruled to the first and second paragraphs, and sustained to the third paragraph.

The plaintiff then replied to the first and second paragraphs of the answer, that the First National Bank of Attica, at which the notes in suit were payable, was a national bank, having an actual existence and doing business in this State at the time said notes were executed, which facts were known to the plaintiff when said notes were endorsed to him, and that said bank still existed and continued to do business in this State; that the plaintiff became the purchaser of said notes in good faith and for a valuable consideration, before their maturity, in the regu-

lar course of his business, and without any knowledge whatever, on his part, of the facts set up in said paragraphs of the answer; that, if any condition was annexed to said notes, as alleged, it was either written on a separate paper, or, if written on the same paper, so written and formed as to be unmistakably intended, from the appearance thereof, to constitute a separate instrument from each of said notes, as if written on a separate paper, because both of said notes were in the form and similitude of ordinary printed blanks for promissory notes, filled up in writing; that the printed blanks had been so formed as to leave a dotted line at the bottom of each, for the signature of the maker of such notes, in which the defendant's name was placed in each of said notes; that outside the body of said notes there was printed a plain and distinct border, by means of two distinct lines close together; that the condition set up by the defendant was not written either upon the back or face of said notes, or either of them, or upon the white space left upon said notes outside of the black border lines above described, and, if written on the same paper with the notes, was written so far away from said black line border as to leave the white space aforesaid untouched, and to allow any person to separate said condition from both of said notes, leaving each of them perfect in form and appearance as regular commercial paper; that such was the form and appearance of said notes when he, the plaintiff, purchased the same; that the defendant had been guilty of gross negligence in putting said notes in circulation, trusting the persons in whose hands they might come not to remove said condition, and not to put such notes on the market as commercial paper, with such condition detached.

The defendant demurred to this reply, but his demurrer was overruled.

The cause being submitted to the court for trial, there was a finding and judgment for the plaintiff.

Errors are assigned :—

1st. On overruling the demurrer to the complaint ;

2d. On the sustaining of the demurrer to the third paragraph of the answer;

3d. On the overruling of the demurrer to the reply.

The appellant, in his argument here, has not discussed the sufficiency of the complaint, or of the third paragraph of his answer. We are hence relieved from the consideration of the questions raised by the first and second assignments of error. See, however, *Walker* v. *Woollen*, 54 Ind. 164.

We understand the general rule to be that the removal or detachment of a material condition annexed to, or forming a part of, a negotiable note, without the knowledge or consent of the maker, will ordinarily be a sufficient defence to such note, even in the hands of an innocent holder, and especially when such removal or detachment is made under circumstances which put the purchaser of the note fairly upon his inquiry as to the altered condition of the note, and this we construed to be the doctrine of the case of *Cochran* v. *Nebeker*, 48 Ind. 459, cited and discussed by the appellant; but that, when the note and condition are negligently so executed by the maker that the condition may easily be removed, without in any manner mutilating or defacing the note, and the note is thus, without objection, put in circulation in that form, the maker can not be heard to deny his liability to pay the note in the hands of an innocent holder, notwithstanding the condition may have been detached from it before such innocent holder became the owner of it. Such was, in substance, the decision of this court in the case of *Cornell* v. *Nebeker*, 58 Ind. 425. See, also, *Woollen* v. *Ulrich*, ante, p. 120, approving and following that case.

Upon the authority of these last named cases, the judgment in this case will have to be affirmed.

The judgment is affirmed, with costs.