## ROCHFORD v. McGEE.

1. By means of fradulent representations, upon which defendant relied, an insurance agent obtained defendant's signature in two places to a one-paged instrument, purporting to be an application for live stock insurance, as a part of which, just below the first signature of defendant, extending across the page, and closely resembling a number of dotted lines, was a note, in printing, writing and figures, signed by defendant. The note, given for the purpose of securing the payment of subsequent assessments, none of which were ever made, was thereafter detached at the perforated line, without defendant's knowledge and purchased by plaintiff without notice of the fraud. Held, that the detachment of the note constituted a material alteration of the application and rendered the note void; it appearing that defendant was not guilty of negligence in executing it.

2. The insurance company, named as payee in the note, which was negotiable in form. was a corporation organized pursuant to Laws 1897, p. 201. c. 71, under the provisions of which it possessed no power to insure live stock against any loss other than that occasioned by fire, lightning hail and cyclones. Section 8 of the act prohibits the insurance of property in any incorporated city or village, and expreesly declares that all notes taken as evidence of indebtedness for unpaid assessments shall in all cases be nonnegotiable. The company attempted to insure gen-

erally a stallion kept in an incorporated village against death from any cause in an amount tenfold greater than that authorized. Held that the note was void in the hands of a third party, even though he had no further notice than that imported by the face of the instrument.

(Opinion filed May 8, 1903.)

Appeal from Minnehaha County Court, HON. D. R. BAILEY, Judge.

Action by G. E. Rochford against Alick McGee. Judgment for Defendant, and plaintiff appeals. Affirmed.

*Joe Kirby,* for appellant.

*U. S. G. Cherry,* for respondent.

FULLER, J. The record in this action on a promissory note resulting in findings of fact favorable to the defendant, and a judgment accordingly entered, discloses, among other facts, the following: On the 26th day of September, 1901, an authorized agent of the Germania Live Stock Insurance Company, by means of grossly false and fraudulent representations, upon which the defendant relied, procured his signature in two places to a one-paged instrument, purporting to be, an application for insurance in such corporation, by which the applicant was to be indemnified in the sum of $1,000 against loss arising at any time within five years by reason of the death of a certain stallion therein described. As a part of this application for insurance, and toward the bottom of the sheet containing the same, and just below the first signature of the defendant, and a delicately perforated line, extending entirely across the page, and closely resembling a number of dotted lines above there was, in printing, writing, and figures, the promissory note in suit, signed by the defendant, and thereafter detached at the perforated line without his acquiesence, knowledge, or

consent.    Although it was determined that plaintiff purchased the note without notice of the fraud, the trial court concluded, in effect, that the paper constituted an integral portion of a continuous instrument, denominated "Application for Insurance," and was made a part thereof for the purpose of securing the payment of subsequent assessments, none of which were ever made, and that the same is. nonnegotiable; that the detachment and separation of the lower portion of the instrument constitute a material alteration, rendering what appears to be a negotiable promissory note void in the hands of a bona fide holder.    The record clearly justifies the inference that the entire instrument, including the detached portion, was fraudulent in its inception, without consideration, and secured under such circumstances that the defendant was not guilty of negligence.

The Germania Live Stock Insurance Company, named in the note as payee, was a corporation organized pursuant to chapter 71, p. 201, Laws 1897, under the provisions of which it possessed no power to insure live stock against any loss other than that occasioned by fire; lightning, hail, tornadoes, cyclones and hurricanes; and in this instance there was an attempt to insure generally against death from any cause, in an amount tenfold greater than that authorized.    Section 8 of the act prohibits the insurance of property in any incorporated city or village, and expressly declares that all notes taken as evidence of indebtedness for unpaid assessments shall be in all cases nonnegotiable.    When the application was written, and continuously thereafter, the stallion was kept in the incorporated village of Hartford, and that part of the paper involved in this action was taken in the form of a negotiable promissory

note. Had there been no material alteration, no false and fraudulent representations, orally made, it is apparent from the statute that the recitals above mentioned would preclude a recovery in the hands of a third party, without further notice than that imported by the face of the instrument. The trial court having found plaintiff to be a good-faith purchaser it is needless to determine whether, under all the circumstances, the fact that the note was made payable to the "Germania Live Stock Insurance Co. (a corporation) or order" was sufficient to put upon inquiry a purchaser in the due course of business. The destruction of that part of the page above the perforated line materially changed the indentity and legal effect of an instrument which, if otherwise valid, was payable only upon certain contingencies. In the absence of negligence on the part of the maker, it is well settled that an alteration which thus changes the relation of the immediate parties vitiates the instrument, not only as to them, but as against a bona fide holder or endorsee without notice. Porter v. Hardy, 10 N. D. 551, 88 N. W. 458; 2 Cyc. 177, and numerous cases there collated. It is contrary to every rational conception of justice to hold a blameless person liable upon an instrument from which fundamental recitals, constituting a perfect defense, have been wrongfully eliminated, and the privity of contract destroyed.

The judgment appealed from is affirmed.