### B. T. LANIER v. L. A. CLARKE ET AL.

Decided December 10, 1910.

**1.—Notes and Bills—Alteration—Defense.**

Before the delivery of a promissory note the maker wrote in pencil on the margin of the note beneath his signature the following memorandum: "The consideration of this note to be paid by four lots in Bunkley's Addition to the town of Stamford." This memorandum was erased and the note sold by the payee to third parties before maturity for a valuable consideration. In a suit upon the note by the purchasers the court charged the jury, in effect, to find against the maker even though the note had been fraudulently altered after it left his hands, unless the jury further found that the alteration had been made by the plaintiffs, or they knew or had cause to know of the same. Held, error. The fact of the alteration or erasure was a complete defense to the note whether the purchasers knew of it or not.

**2.—Same—Estoppel.**

The carelessness of a maker of a promissory note in writing it partly in pencil, so that an erasure or alteration is possible without detection, will not estop him from denying his liability when his said contract is changed by an erasure or alteration.

Appeal from the County Court of Haskell County. Tried below before Hon. Joe Irby.

*Helton & Murchison*, for appellant.—That the note sued upon was materially altered without appellant's consent is a good defense to the instrument, and is available against appellees even though they were *bona fide* purchasers for value, before maturity, without notice, and ignorant of the fact that the note had been altered. 2 Daniel on Negotiable Instruments, sec. 1413; Bowser v. Cole, 74 Texas, 222; Miller v. Alexander, 13 Texas, 497; F. & M. Natl. Bank v. Novich, 89 Texas, 381; Otto v. Halff & Bro., 89 Texas, 384; 8 Cyc., p. 29; Wait v. Pomeroy, 20 Mich., 425; Benedict v. Cowden, 49 N. Y., 396; 10 Am. Rep., 382; Gerrish v. Glines, 56 N. H., 9; Palmer v. Largent, 5 Neb., 223; 25 Am. Rep., 479; Greenville Savings Bank v. Stowell, 123 Mass., 203; Scofield v. Ford, 56 Iowa, 370, 9 N. W., 309; Davis v. Henry, 13 Neb., 497, 14 N. W., 523; Stephens v. Davis, 85 Tenn., 271, 2 S. W., 382.

If B. T. Lanier, before delivery of note in question, wrote a memorandum on it reciting that the consideration for said note was to be paid

by four lots in Bunkley Addition to the town of Stamford, and afterwards the payee W. R. Miller without the consent of and with intent to defraud the appellant, erased said memorandum, the note was thereby destroyed and no recovery could be had thereupon by plaintiffs. Bowser v. Cole, 74 Texas, 222; Miller v. Alexander, 13 Texas, 497; F. & M. Natl. Bank v. Novich, 89 Texas, 381; Otto v. Halff & Bro., 89 Texas, 384.

*H. G. McConnell* and *Gordon B. McGuire,* for appellees.—It being the law that when the maker of a note has, by his careless execution of such instrument, left it in condition that an erasure can be made therefrom without defacing it or exciting the suspicions of a careful man, he will be liable upon it to any bona fide holder without notice, when the opportunity which he has afforded has been embraced; and it having been pleaded by appellees that the note, if altered, was done in such manner that they could not detect it by reason of the carelessness of the maker in drawing it; and further that they were bona fide holders for value and without notice; and these facts all having been established without any contradictory testimony; the court rightly charged that appellees must have known, or had reason to know, of the alteration to prevent their recovery, and rightly refused appellant's special charge No. 4, which ignored this principle of law. Daniel on Negotiable Instruments, secs. 1405, 1406, 1407; Isnard v. Marquez, 10 La. Ann., 103; Garrard v. Haddan, 67 Penn. St., 82; Young v. Lehman, 63 Ala., 519; Toomer v. Rutland, 57 Ala., 379; Van Duzer v. Howe, 21 N. Y., 538; Blakey v. Johnson, 13 Bush (Ky.), 204; Harvey v. Smith, 55 Ill., 224; 8 Cyc., pp. 30 and 31.

SPEER, ASSOCIATE JUSTICE.—L. A. Clarke and H. A. Kight filed this suit in the County Court of Haskell County to recover from B. T. Lanier and W. R. Miller the amount of a promissory note dated November 14, 1908, for the sum of four hundred and seven dollars and twenty-five cents, due thirty days after date, payable to the order of W. R. Miller, providing for ten per cent interest per annum from maturity and ten per cent attorney's fees. They alleged that said note was executed by Lanier and delivered by him to W. R. Miller and that afterwards, before maturity, in due course of trade, for a valuable consideration they became the owners of said paper.

Miller filed no answer, and the defendant Lanier filed his sworn plea of *non est factum,* the particular vice in said note sought to be reached by the plea being that the note had been fraudulently altered after its delivery to Miller by erasing therefrom the following memorandum: "The consideration of this note to be paid by four lots in Bunkley's Addition to the town of Stamford."

Plaintiffs replied that if such alteration had been made they had no notice of the same, and that said note was by defendant Lanier so carelessly drawn and made that such change, if any, did not and does not show or evidence itself to plaintiffs or any other prudent person, whereby

the defendant is estopped to deny the execution of the note as sued on. The court thus submitted the case to the jury:

"In this cause you will find for plaintiffs for the full amount sued for, unless you find for defendant B. T. Lanier under the following instructions, viz.: If you find from the evidence that at the time the note in question was transferred by W. R. Miller to L. A. Clarke and H. A. Kight after certain alterations of said note were made, and that said L. A. Clark and H. A. Kight knew or had cause to know that an alteration of said note had been made, then and in that event you will find for defendant B. T. Lanier; or if you find from the evidence that there was an alteration of said note made after it came into possession of L. A. Clark and H. A. Kight, then, and in that event, you will find for defendant B. T. Lanier."

There was a finding for the plaintiffs, and judgment was accordingly entered against both Lanier and Miller and Lanier has appealed.

The evidence was such that the jury could have found that no alteration of the note was ever made, and the court should not, therefore, have assumed, as he did in the charge quoted, that the alteration had been made. But this error is in appellant's favor and no one is complaining of it and we only mention it in view of the reversal of the case.

Under the instruction the jury were required to find against appellant if the note had been fraudulently altered after it left his hands unless the jury further found that the alteration was made after the paper came into the hands of plaintiffs or that they knew or had cause to know of the same. This ought not to be the law in this State. There are many authorities here and elsewhere holding that where a maker of a note or bill delivers it in an uncompleted condition, as, for instance, with unfilled blanks in its body, he impliedly authorizes the payee or drawee to perfect the instrument by filling the blanks, and will be held liable to an innocent holder of the paper as against a plea of *non est factum*. The principle is discussed by our Supreme Court in Farmers' & Merchants' National Bank v. Novich, 89 Texas, 381, wherein it is said: "The liability of the maker of a note when it has been changed without his authority depends upon the question as to whether or not he has committed it to another person in such form as to imply authority in that person to make the change, and if he has done so, the law holds that he has been negligent in so executing and putting it in circulation, and as a result he must suffer from the acts of the person whom he trusted rather than to throw the loss upon another who did not trust in the matter to the person who made the alteration."

Some courts have gone very much further and made the issue to turn upon the question whether or not the maker had been negligent in the execution of the instrument and, if he had, have held him liable upon the altered instrument, even though the alteration was forgery and a felony. Indeed, some of the authorities go to the extent of holding, as the court in the charge quoted assumed, that it is negligence as a matter of law for a maker to attach to a note a condition written in

pencil, as this one was, in such manner as easily to be erased without defacing the note. Such is the holding in Harvey v. Smith, 55 Ill., 224, wherein it is said: "If a person signs a note partly in ink but containing a material condition qualifying his liability written only in pencil, he is guilty of gross carelessness, and if the writing in pencil is erased so as to leave no trace behind or any indication of alteration, as it easily may be, we are of opinion an innocent holder taking the note before maturity for a valuable consideration will take it discharged of any defense arising from the erased portion of the note or from the fact of such alteration. Young v. Grote, 4 Bing., 258, 13 Eng. Com. L. R., 491." There are other authorities substantially to the same effect. See Palmer v. Largent, 5 Nebr., 223 (25 Am. Rep., 479); Noll v. Smith, 64 Ind., 511, 31 Am. Rep., 131; Zimmerman v. Rote, 75 Pa. St., 188.

But we believe the better reasoning and the weight of authority is otherwise. It is not fair to apply the maxim, "Where one of two innocent parties must suffer loss by the fraud of a third, he who had made the loss possible by his negligence must bear the burden of loss," or "He who trusts most should suffer most," for in such a case it can not be said that the maker who delivers a perfect and completed note or bill into the hands of another trusts more than he who purchases the same from that other on his guarantee of its genuineness. Strictly speaking, the doctrine of estoppel ought not to apply except in those cases where the person making the alteration is in some way clothed with agency, as by an apparent authority to make the change.

Any material alteration in an instrument evidencing a pecuniary liability is forgery, and it can not be said that the maker of a negotiable or non-negotiable note ought to anticipate that any one would commit a forgery and, therefore, be required to so execute his instrument that such a forgery would be difficult if not impossible. The law attaches great importance to that quality of commercial paper known as negotiability, and has gone very far in protecting innocent holders of such paper against all manner of defenses when interposed by the maker, but it should never go to the extent of holding such maker liable upon a contract different from what it appeared to be when it left the maker's hand. In Waite v. Pomeroy, 20 Mich., 425, 4 Am. Rep., 395, it is well said: "If a party makes a contract in such manner as is authorized by law, he has a right to object to being bound by any other. A bona fide holder before maturity is allowed to receive the genuine contract discharged from any equities attaching to the contract itself as between the original parties, but he can not get a contract where none is made." See Cronkhite v. Nebeker, 81 Ind., 319, 42 Am. Rep., 127; Bank of Herington v. Wangerin (Kan.), 59 L. R. A., 717; Stephens v. Davis, 85 Tenn., 271 (2 S. W., 382).

While the condition, the erasure of which is made the basis of appellant's plea, is shown to have been made in pencil and on the margin of the note beneath appellant's signature, nevertheless it constituted an integral part of appellant's contract and together with other portions

made up a completed instrument, and if the condition was removed as alleged by him such fact will constitute a complete defense to appellees' suit. "The simple and fair rule for all is that the purchaser of paper, whether negotiable by the law merchant or not, is put upon inquiry as to the genuineness of the paper in all its material parts by the mere fact that it is offered for sale; and if he sees fit to omit making inquiry of the maker he buys at his own risk and upon the faith of his immediate endorser or other parties, if any, against whom he may have recourse." Cronkhite v. Nebeker, *supra.*

For the charge given the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*