SPENCER et al. v. TRIPPLETT.    (No. 949.)

(Court of Civil Appeals of Texas. Amarillo. March 22, 1916.)

ALTERATION OF INSTRUMENTS ⬤⇒9 — BILLS AND NOTES ⬤⇒378 — DETACHING ANNEXED NOTE—"ALTERATION."

Where a note as made was attached without line or perforation to a conditional contract for the sale of certain goods, its subsequent detachment and negotiation was such an alteration as to make it absolutely void, even in the hands of an innocent purchaser for value.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. §§ 47-53; Dec. Dig. ⬤⇒9; Bills and Notes, Cent. Dig. §§ 985-992; Dec. Dig. ⬤⇒378.

For other definitions, see Words and Phrases, First and Second Series, Alteration.]

Appeal from Floyd County Court; E. P. Thompson, Judge.

Action by A. G. Spencer and others against T. B. Tripplett. Judgment for defendant, and plaintiffs appeal. Affirmed.

A. P. McKinnon, of Floydada, for appellants. T. F. Houghton, of Floydada, for appellee.

HALL, J. October 2, 1914, appellee gave the Acme Sales Company an order for certain merchandise to be shipped to him at Floydada, Tex. These goods were to be sold under certain conditions and in a certain manner. The Acme Sales Company guaranteed to ship 60 days prior to the close of the contract 165 fountain pens to appellee, to be sold in accordance with the terms of a certain contest for a piano. The Acme Company agreed to take back, at the end of the 60-day contest, all of the pens remaining unsold, and to refund appellee at the amount of $1.50 for each pen remaining unsold. This order and the undertaking on the part of the Acme Company were printed upon the same sheet of paper ,with a note, signed by appellee, for $265. These instruments were not separated by a perforated or other line. Before the maturity of the note or any installment thereof the note was detached from the contract and transferred to one E. E. Pinter, who in turn sold and transferred it for a valuable consideration to the appellants, before maturity, and without notice of any defense. The note, when construed in connection with the remainder of the contract, was not negotiable. This suit was filed to collect the note.

Among other defenses, appellant set up a failure of consideration in that the pens were never shipped by the Acme Company nor received by him, to which appellants replied that they had no knowledge of any such agreement on the part of the Acme Company or any other person. The order and guaranty were at the time of their execution a part of the note, and the detachment of the note from the other instruments was such an alteration as changed the liability of appellee in a material respect and rendered the note invalid in the hands of

even an innocent purchaser. When the note was separated from the contract and guaranty, it was no longer the undertaking of appellee, and the authorities are practically unanimous in holding the note under such circumstances absolutely void. Stephens v. Davis, 85 Tenn. 271, 2 S. W. 382; Law v. Crawford, 67 Mo. App. 150; Price v. Tallman, 1 N. J. Law, 447; Scofield v. Ford, 56 Iowa, 370, 9 N. W. 309; Tate v. Fletcher, 77 Ind. 102; Rockford v. McGee, 16 S. D. 606, 94 N. W. 695, 61 L. R. A. 335, 102 Am. St. Rep. 719.

The judgment is affirmed.