## 10031

### STEVENS v. KHETTER.

#### (96 S. E. 406.)

BILLS AND NOTES—BONA FIDE PURCHASERS.—Where payee indorsed note to a bank for value and before maturity, and bank indorsed it to holder for value, without recourse, after maturity, and neither bank nor holder had notice of any defense to the note until after buying it, holder is entitled to recover thereon, although note had been attached to maker's order, to be detached upon acceptance of order and shipment of goods, and, order having been countermanded before shipment, maker refused to receive goods.

Before WILSON, J., Florence, Fall term, 1917. Reversed.

Action by Fred. L. Stevens against J. Khetter. Judgment for defendant, and plaintiff appeals.

*Messrs. Willcox & Willcox* and *J. M. Lynch,* for appellant, cite: *As to the rights of a bona fide holder for value of commercial paper, where he has acquired such paper after*

*maturity, but got the paper in due course from a bona fide holder for value, who acquired paper before maturity and without notice of any infirmities:* Negotiable Instruments Act, sec. 28 (vol. XXVIII, Statutes of South Carolina) ; 3 R. C. L., p. 1036. sec. 242; 46 L. R. A. 784, *et seq.;* 91 S. C. 455; 8 Rich. 470; 8 S. C. 290; 12 S. C. 272; 14 S. C. 142; 17 S. C. 256; 28 S. C. 149; 5 S. E. 343; 78 S. C. 273; 58 S. E. 922; 78 S. C. 531 ; 59 S. E. 639; 103 S. C. 411.

*Mr. Philip H. Arrowsmith,* for respondent (oral argument).

July 17, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This was an action on a negotiable promissory note for $148, dated July 15, 1914, and given to the Donald-Richard Company, of Iowa City, Iowa, in payment of a bill of toilet goods ordered from that company through their traveling salesman. The note was attached to the order by a perforated line, above which it was stated in writing that the company was authorized to detach it, when the order was accepted and shipped. Later, on the same day, after having given the order and note, defendant wrote the company and countermanded the order, on the ground that he did not need the goods. Notwithstanding, they were shipped to him, and a bill of lading for them was sent to him, but he refused to receive them.

The payee indorsed the note to the Iowa City State Bank for value before maturity, and the bank indorsed it to plaintiff for value, without recourse, after maturity.

There was no evidence tending to show that either of the indorsees had notice of any infirmity in the title of the payee, or of any defense to the note, until after they had bought it. Plaintiff moved on all the evidence for a directed verdict,

which was refused. The jury found a verdict for defendant, and from judgment thereon plaintiff appealed.

The authorities cited by appellant show conclusively that the Court erred in refusing plaintiff's motion for a directed verdict.

Judgment reversed.