## Jensen, Appellant, *v.* Braslafsky.

*Promissory notes—Holders in due course—Affidavit of defense—Sufficiency.*

In an action by the holder in due course of a promissory note an affidavit of defense is sufficient, which avers that the note formed part of the printed order for toilet articles, which was so cunningly attached to the contract that it could be separated, one part of which with the maker's name constituting a negotiable instrument, and the other an unsigned order for the goods; and which further avers that the defendant was under the impression that he

was merely contracting for the merchandise mentioned in the order.

Whether or not it was negligence for the maker to sign such a writing is a question of fact for the jury, and if there was no negligence, the separation of the note from the contract was a forgery of the writing, as it was executed by the defendant, and there was nothing to estop him from alleging and proving it.

Argued October 23, 1919. Appeal, No. 169, Oct. T., 1919, by plaintiff, from order of C. P. No. 5, of Phila. County, discharging rule for judgment for want of a sufficient affidavit of defense in the case of P. K. Jensen v. Harry Braslafsky. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Assumpsit on promissory note. Before STAAKE, J.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*Graham C. Woodward,* for appellant.

*Samuel R. Lazowick,* of *Rhoads, Montgomery & Lazowick,* for appellee.

PER CURIAM, February 28, 1920:

The facts set forth in the affidavit of defense indicate with sufficient clearness that this detached writing purporting to be a promissory note for the payment of $148, was a part of a contract containing a number of stipulations in regard to the disposition of goods of the Donald-Richard Company, to be offered for sale by the defendant. While the paper on which the action is founded was signed by the defendant the other part of the contract, to wit, the order for the enumerated goods was not signed by him, but by a salesman of the Donald-

Richard Company. The order and the note were necessary parts of the entire contract, which was so cunningly framed in print that it could be separated, one part of which with the maker's name could be a negotiable note, and the other an unsigned order for goods. Whether it was negligence in the maker in signing his name to such a writing was clearly a question of fact for the jury. The line of demarcation between the two parts might have been so clear and distinct and give the instrument so unusual an appearance as ought to have arrested the attention of any prudent man. But it may have been otherwise. If there was no negligence in the maker, the good faith and absence of negligence on the part of the holder cannot avail him. The separation of the formal note from the contract, was a forgery of the writing as it was executed, by the defendant, and there is nothing to estop him from alleging and proving it. The authorities relied on by the court below, Brown v. Reed, 79 Pa. 370, and Leas v. Walls, 101 Pa. 57, are recognized as controlling such cases in this State. See also Corpus Juris, vol. 8, 737.

The question is one properly for a jury to determine, and the order of the court in discharging the rule for judgment for want of a sufficient affidavit of defense, is affirmed.