### SHATTUCK *v.* REED.

1. BILLS AND NOTES — SIGNER OF NOTE GIVEN AS COLLATERAL LIABLE TO HOLDER.

    Where defendant and others formed a co-operative elevator association, signing contracts with notes attached with the understanding by all the parties that the notes were to be used at the bank as collateral for loans to the association, he was liable, on the default of the association, in an action on the note by the bank.

2. SAME—HOLDER OF NOTE NOT PRECLUDED FROM RECOVERING BECAUSE HOLDING OTHER COLLATERAL.

    Where the amount owing to the bank by the association was in excess of the amount of the judgment against defendant, the bank was not precluded from recovering from defendant because it had other collateral.

Error to Kent; Perkins (Willis B.), J.  Submitted October 17, 1922.  (Docket No. 110.)  Decided December 5, 1922.

Assumpsit by Frank E. Shattuck and R. T. Ham-

ilton, copartners as Shattuck-Hamilton & Company, against Leonard Reed upon a promissory note. Judgment for plaintiffs. Defendant brings error. Affirmed.

*C. G. Turner,* for appellant.

*Norris, McPherson, Harrington & Waer,* for appellees.

In the fall of 1919 some residents of Sand Lake, Kent county, and others from that vicinity, conceived the idea of owning and operating a co-operative elevator at Sand Lake without putting any considerable amount of their own money into the enterprise. The Sand Lake Co-operative Association was organized to effectuate this purpose, each member paying a membership fee of $10. Plaintiffs conduct a bank at Sand Lake. They were applied to by those interested in the elevator enterprise to finance the proposition. As a result of their negotiations it was arranged that each of the members was to execute his note to the association for the sum of $100; that such notes were to be used as collateral to the paper of the company at plaintiffs' bank but were not to be deemed obligations to the association except in case of default of the maker in his obligations to the association. Blanks were prepared by the association in the following form:

"Sand Lake, Michigan, Oct. 25, 1919.
"DEMAND NOTE.
"AMOUNT $100.00.
"On demand and for value received I promise to pay to the order of the Sand Lake Co-operative Association, an organization incorporated under the Laws of the State of Michigan, One Hundred Dollars without interest.

. . . . . . . . . . . . . . . . . . . . . . . .

(perforated line)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
            "Sand Lake, Michigan, Oct. 25, 1919.
"AMOUNT $100.00.
"LIMIT OF LIABILITY $100.00.
"TIME LIMIT BEFORE RENEWAL, 5 YEARS.

"This agreement made this 25th day of October, 1919, by and between the Sand Lake Co-operative Association, the undersigned hereinafter known as the party of the first part and the co-signer hereinafter known as second party. Witnesseth: Second party has this day executed a demand note for $100.00 to said first party, and it is agreed that said note shall be used as collateral only and second party shall not become liable for payment of same unless the party to whom it is negotiated as collateral calls upon second party for payment and it shall also be available in settlement of any liquidated damages which said Association incurs by virtue of second party's failure to fulfill the requirements of the Association agreement.

                    "SAND LAKE CO-OPERATIVE ASSOCIATION
      Per . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                        "Second Party."

Defendant and other members of the association signed these notes and contracts. They were separated at the perforated line by the association or the members, whether at the time of their execution or later does not appear. The contracts were either retained by the association or given to the members and the notes were hypothecated at plaintiffs' bank as collateral to the paper of the association. At first it was thought that $5,000 would finance the association, but an elevator located on leased ground was purchased and other sums were required by the association and plaintiffs continued to advance money from time to time on this collateral and on a chattel mortgage on the elevator until they had advanced upwards of $25,000. The association was not success-

ful and plaintiffs were required to look to their collateral for their pay. Some 150 of the members paid their notes, but defendant and others, although requested, refused so to do. At the time this suit was tried there was due to plaintiffs from the association upwards of $10,000. Upon the trial in the court below, which was before the court without a jury, the foregoing facts were established by plaintiffs. Defendant offered no testimony but insisted on certain legal defenses which were not sustained. Plaintiffs had judgment.

FELLOWS, C. J. (*after stating the facts*). Defendant's counsel discusses the question of whether plaintiffs are *bona fide* holders of the note and whether the note is a negotiable instrument. We are unable to perceive that this discussion is pertinent to the issue. Obviously the note itself is a negotiable instrument, but plaintiffs make no claim of rights as *bona fide* purchasers. Mr. Shattuck, who handled the deal for the bank, frankly states that he knew the plan under which the association was financed and the purpose for which the note was given. What plaintiffs do claim is that the defendant gave this note to the association under an agreement known to defendant, plaintiffs and everyone else connected with the transaction, that it was to be used as collateral at plaintiffs' bank, and that the note was used for the exact purpose defendant knew it was to be used for when he gave it and strictly in accordance with his contract with the association.

Defendant's counsel seeks to bring this case within *Toledo Scale Co.* v. *Gogo*, 186 Mich. 442, and *Stevens* v. *Venema*, 202 Mich. 232 (L. R. A. 1918F, 1145). Neither case is applicable. In both cases defendants were induced to sign a contract which, cunningly concealed, contained a promissory note capable of being

detached from the balance of the contract. In neither case did the defendant understand he was signing a promissory note. In the instant case defendant signed both a note and a contract with the knowledge so far as this record discloses that he was signing a note and contract, the note to be detached and used as collateral, the contract expressly providing that it should be so used. Whether the contract was detached and given to him when he signed the note or was detached by the association of which he was a member afterwards does not appear and defendant has not seen fit to enlighten us, but the note was used by the association of which he was a member exactly as he deliberately agreed it should be used. The cases cited and the instant one are not comparable.

Manifestly the plaintiffs may not recover beyond the amount of their lien. But the amount of their lien was upwards of $10,000, while the judgment was for $104.17. It must be equally manifest that plaintiffs are not precluded from proceeding to collect from defendant the amount of his note because they hold other collateral. If such were the law it is difficult to perceive how they would be able to realize on any of the collateral held by them. Plaintiffs' action was upon the note, not upon the contract between defendant and the association, and it was proper to count upon the note alone.

By a series of innuendos unjustified by the record but running through several pages of the brief, plaintiffs are charged with in some way perpetrating a fraud on defendant. The trial judge did not find any fraud in the case and would not have been justified in finding it. There is not a scintilla of evidence to sustain a claim of fraud. The plain, cold facts of this lawsuit demonstrate that defendant and others

entered into an unsuccessful business enterprise and that defendant is now seeking to compel plaintiffs to stand the loss of his ill-starred venture.

The judgment will be affirmed.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.