STEVENS v. WHEELER et al.    (No. 607.)

Court of Civil Appeals of Texas. Waco. Jan. 5, 1928.

Rehearing Denied Feb. 16, 1928.

1. **Bills and notes** ⬥⟶378—**Unauthorized detachment of note from instrument renders note void or enforceable by bona fide holder only according to original tenor; "material alteration" (Rev. St. 1925, art. 5939, §§ 124, 125).**

Under Rev. St. 1925, art. 5939, §§ 124, 125, unauthorized detachment of promissory note, complete and negotiable in form, from a memorandum, order, or contract of which it forms a part, constitutes a "material alteration" when the terms of such memorandum, order, or contract, considered in connection therewith, affect its negotiability, and, irrespective of negligence, renders such note void, even in hands of holder in due course, or enforceable only according to its original tenor when read in connection with memorandum, order, or contract from which it was wrongfully detached.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Material Alteration.]

2. **Bills and notes** ⬥⟶378—**Detachment contrary to terms held to render notes void in hands of bona fide purchaser (Rev. St. 1925, art. 5935, § 52).**

Where defendant had sent to manufacturing company an order for certain goods, there being attached to such order negotiable notes which manufacturing company had, contrary to terms of order itself, detached and sold, *held,* that notes were void, so that holder, even if a holder in due course as defined by Rev. St. 1925, art. 5935, § 52, could not recover on them, as the unauthorized detachment constituted a material alteration.

Appeal from Hill County Court; Olin Culberson, Judge.

Suit by F. L. Stevens against G. R. Wheeler and another, doing business under the firm name of Wheeler Bros. Judgment for defendants, and plaintiff appeals. Affirmed.

Wear, Stollenwerck & Wear, of Hillsboro, for appellant.

J. D. Stephenson and Frazier & Averitte, all of Hillsboro, for appellees.

GALLAGHER, C. J. Appellant, F. L. Stevens, instituted this suit against appellees G. R. Wheeler and M. F. Wheeler, doing business under the firm name of Wheeler Bros., to recover on five promissory notes in the aggregate sum of $314, with interest and attorney's fees. Said notes were signed by appellees and were payable to the Brenard Manufacturing Company. Appellant alleged that said notes were, for a valuable consideration, indorsed and delivered to him by the payee before maturity and that he was a holder thereof in due course.

Appellees answered by general denial and by special pleas, alleging that they signed a printed order, addressed to the Brenard Manufacturing Company, subject to its acceptance, for the purchase of three certain radio receiving sets; that the notes sued on were attached to said order and constituted a part thereof; and that it was expressly stipulated in said order that said notes should not be detached therefrom. Appellees further alleged that said order was not accepted by said manufacturing company in the form in which it was tendered by them; that material terms thereof were without their consent fraudulently altered; that said notes were fraudulently detached therefrom, contrary to the terms thereof; and that said alterations rendered said notes void and unenforceable. They also pleaded failure of consideration.

There is little, if any, conflict in the testimony. Appellees, at the instance of a representative of the Brenard Manufacturing Company, signed an order for the purchase of certain radio receiving sets. They also signed the notes sued on, all of which were complete in themselves and contained no reference to said order. They were, however, attached thereto and were signed simultaneously therewith. A perforated line separated said notes from the order and from each other. Along the line separating said notes from said order when the same were signed and delivered by appellees to the agent of said company was the following notation: "Notes not to be detached by the Brenard Manufacturing Company." Said order provided that it was not to be of any force or effect until it was accepted by said company. It was understood between appellees and the representative of said company that, if said order was accepted, a correct copy thereof, signed by the company, would be returned to them. Shortly after signing and delivering said order with said notes attached as aforesaid, appellees received a purported copy of the same, signed by said company, but it was not a true nor correct copy thereof, as the same was signed and delivered by appellees to the representative of said company. Said purported copy called for the issuance of a due bill in the sum of $25 in connection with each replacement order for an additional receiving set, applicable as cash on subsequent orders or redeemable in cash for one-half its face value at the option of the holder, whereas the original order signed and delivered by appellees called for such a due bill in the sum of $50. Said purported copy also contained a stipulation that said notes were to be detached by said company, contrary to the terms of the original instrument delivered by appellees to the representative of said company. Appellees, on the receipt of said purported, but incorrect, copy of the original order, wired the company as follows: "Hold up shipment on

account of misrepresentations." When the shipment arrived appellees refused to receive it and the same was returned to the company.

Appellant testified that he purchased said notes from the Brenard Manufacturing Company shortly after their execution; that the same were included in a list of notes amounting in the aggregate to $1,662; that he paid the sum of $1,500 therefor; that he did not know at the time that said notes had been attached to and had constituted a part of an order or contract between appellees and said company. The remainder of his testimony is not material to the issue of law hereinafter discussed. Said notes were duly indorsed to him by said company.

The case was submitted to a jury on special issues, which issues, together with the answers of the jury thereto, are as follows:

"Issue No. 1: Were material alterations fraudulently made in the contract and the provisions thereof in question after the same had been executed and delivered by the defendant herein? Answer: Yes.

"Issue No. 2: If you have answered special issue No. 1 'Yes,' then were such alterations made without the knowledge or consent of the defendant? Answer: Yes."

The court rendered judgment on said verdict that appellant take nothing by his suit and that the notes sued on be annulled and canceled as obligations against appellees, but that such cancellation should be without prejudice to any action by appellant against the Brenard Manufacturing Company on its indorsement thereon. Said judgment is here presented for review.

Opinion.

Appellant contends that the uncontradicted evidence shows that he was a holder of the notes sued on in due course and that he was, as such holder, entitled to recover thereon, notwithstanding said notes were severed from the order upon which they were based, contrary to the provisions thereof, and notwithstanding the facts found by the jury in answer to the issues submitted to them. No issue bearing on the status of appellant as a holder of said notes in due course was submitted to the jury. The judgment rendered contained a recital that, the issues of notice and good faith on the part of appellant not having been submitted to the jury, no finding on such issues was made by the court, either in favor of or against appellant. Whether appellant is or is not a holder of said notes in due course is immaterial and a finding on such issue unnecessary if the facts relied on by appellees constitute in law a material alteration of said notes, and if such alteration precludes a recovery by appellant in this case, even if it were conceded that he was such holder. Our Negotiable Instrument Act provides, in substance, that the material alteration of such an instrument without the assent of all

parties liable thereon avoids the same, except as against a party who has himself made, authorized, or assented to the alteration, and subsequent indorsers. In this connection, however, said act further provides that, where an altered instrument is in the hands of a holder in due course, he may enforce payment thereof according to its original tenor. R. S. 1925, art. 5939, § 124. Said act also provides that any change or addition which alters the effect of an instrument in any respect is a material alteration. Id. § 125.

There is no contention that appellant would have been entitled to recover under the undisputed evidence and findings of the jury in this case, if said order had remained attached to said notes at the time he purchased the same, under that clause of the statute above quoted permitting a holder in due course to recover on an altered instrument according to its original tenor. The material inquiry is, therefore, whether there has been in contemplation of law such an alteration of the original order of which said notes formed a part and from which it was expressly stipulated that they should not be detached, as would prevent a recovery on said notes, notwithstanding we concede for the purposes of such inquiry that appellant was a holder thereof in due course. There is, as usual, some conflict in the authorities on this issue. Where there is express or implied authority given the payee to detach notes from an order of which they originally formed a part, it has been held that such detachment does not constitute such an alteration thereon as precludes a recovery thereon by such a holder. Harrison v. Hunter (Tex. Civ. App.) 168 S. W. 1036, 1037; Conqueror Trust Co. v. Simmon, 62 Okl. 252, 162 P. 1098, 1100; Robertson v. Commercial Security Co., 152 Ky. 336, 153 S. W. 450, 453; Shattuck v. Reed, 221 Mich. 155, 190 N. W. 649, 650; Stevens v. Khetter, 110 S. C. 271, 96 S. E. 406. Where a note, detached without authority from another instrument of which it forms a part and the terms of which affect the negotiability of such note, is in the hands of a holder in due course, it has been held that he can recover thereon upon a showing that the maker of such note was negligent in executing and delivering the same in such form that it might be easily detached and put in circulation as an unqualified and absolute obligation. Noll v. Smith, 64 Ind. 511, 31 Am. Rep. 131, 134; Brown v. Reed, 79 Pa. 370, 21 Am. Rep. 75, 77, 78; Cornell v. Nebeker, 58 Ind. 425; Jensen v. Braslafsky, 73 Pa. Super. Ct. 323; Zimmerman v. Rote, 75 Pa. 188; Woollen v. Ulrich, 64 Ind. 120; Woollen v. Whitacre, 73 Ind. 198.

[1, 2] According, however, to the great weight of authority in this state and elsewhere, the unauthorized detachment of a promissory note, complete and negotiable in form, from a memorandum, order, or contract of which it forms a part, constitutes a material alteration when the terms of such mem-

orandum, order, or contract, considered in connection therewith, affect its negotiability, and, irrespective of negligence, renders such note void even in the hands of a holder in due course, or enforceable only according to its original tenor when read in connection with the memorandum, order, or contract from which it was wrongfully detached. Glasscock v. First Nat. Bank, 114 Tex. 207, 212–216, 266 S. W. 393, 394–396, 36 A. L. R. 320; Lanier v. Clarke, 63 Tex. Civ. App. 266, 133 S. W. 1093, 1094, 1095; Spencer v. Tripplett (Tex. Civ. App.) 184 S. W. 712, 713; State Bank of Orange Grove v. Williams (Tex. Civ. App.) 277 S. W. 773, 774, 775; Meade v. Sandidge, 9 Tex. Civ. App. 360, 30 S. W. 245, 247; Landon v. Halcomb (Tex. Civ. App.) 184 S. W. 1098, 1099; Stephenson v. Nelson (Tex. Com. App.) 243 S. W. 1069, 1071; 2 C. J. p. 1210, § 66, and note 22; 1 R. C. L. p. 990, § 26; State v. Stratton, 27 Iowa, 420, 1 Am. Rep. 282, 284; State v. Mitton, 37 Mont. 366, 96 P. 926, 927, 928, 127 Am. St. Rep. 732; Scofield v. Ford, 56 Iowa, 370, 9 N. W. 309; Wait v. Pomeroy, 20 Mich. 425, 4 Am. Rep. 395; First Nat. Bank of Cassopolis v. Carter, 138 Mich. 421, 101 N. W. 585; Law v. Crawford, 67 Mo. App. 150; Davis v. Henry, 13 Neb. 497, 14 N. W. 523; Bothell v. Schweitzer, 84 Neb. 271, 120 N. W. 1129, 22 L. R. A. (N. S.) 263, and note, 133 Am. St. Rep. 623; Stephens v. Davis, 85 Tenn. 271, 2 S. W. 382; Benedict v. Cowden, 49 N. Y. 396, 10 Am. Rep. 382; Porter v. Hardy, 10 N. D. 551, 88 N. W. 458; Rochford v. McGee, 16 S. D. 606, 94 N. W. 695, 61 L. R. A. 335, 102 Am. St. Rep. 719; First Nat. Bank of Decorah v. Laughlin, 4 N. D. 391, 61 N. W. 473; Gerrish v. Glines, 56 N. H. 9; Toledo Scale Co. v. Gogo, 186 Mich. 442, 152 N. W. 1046, Ann. Cas. 1917E, 601; Stevens v. Venema, 202 Mich. 232, 168 N. W. 531, L. R. A. 1918F, 1145; Stevens v. Barnes, 43 N. D. 483, 175 N. W. 709, 18 A. L. R. 10. None of the cases cited by appellant, except Hess v. Schaffner (Tex. Civ. App.) 139 S. W. 1024, 1026, 1027, involved an alteration of the instrument sued on. The alteration in that case consisted of the erasure of the name of one of the signers to such instrument and was apparent on the face thereof. The court seems to have regarded the issue involved as one of violation of an agreement between such signers, and held that the payee therein had the right to assume that said name had been erased with the consent of the other signers, and reversed and remanded the case for a finding as to the existence and extent of said agreement and whether the payee, before accepting the same and parting with the consideration therefor, had notice thereof. The appeal in that case was from a county court and there was no attempt to have the opinion of the Court of Civil Appeals therein reviewed by the Supreme Court. We therefore hold that, under the undisputed evidence and findings of the

jury in this case, appellant was not entitled to recover on the notes sued on, regardless of whether he is a holder thereof in due course as defined by Revised Statutes 1925, art. 5935, § 52, or not.

We have examined all of the propositions submitted by appellant as ground for reversal, and are of the opinion that none of such propositions authorize or require such action.

The judgment of the trial court is therefore affirmed.