**Bernard F. GILLIGAN, Appellant,**

v.

**L. A. GEARHART et al., d/b/a Gearhart Construction Company, Appellees.**

No. 258.

Court of Civil Appeals of Texas.

Corpus Christi.

Feb. 23, 1967.

Rehearing Denied May 18, 1967.

Wm. J. Kershner, Houston, for appellant.

George D. Byfield, of Ewers, Toothaker, Ewers, Byfield & Abbott, McAllen, for appellees.

OPINION

SHARPE, Justice.

This appeal is from a take-nothing judgment rendered non obstante veredicto in favor of appellees who were defendants below.

Appellant sued appellees upon a promissory note dated March 17, 1962 in the amount of $5,500.00 payable on or before

March 17, 1963 to "L. R. Garrett d/b/a Modern Mausoleums Inc." The note was assigned by Garrett to appellant.

The trial court submitted three special issues to the jury which were answered in substance that at the time appellant Bernard F. Gilligan acquired the note in question (1) it was complete and regular upon its face, (2) that he took it in good faith, and (3) that he did not have notice of an infirmity in the instrument or defect in the title of L. R. Garrett.

Appellees filed original and amended motion for judgment non obstante veredicto and alternatively a motion for new trial. The court granted appellees' judgment non obstante veredicto and thereafter made and filed the following findings of fact and conclusions of law:

"1. The note upon which Plaintiff has instituted suit was in fact marked Exhibit 'A' at the top and attached to a contract between the Defendants Gearhart and Modern Mausoleums, Inc., a true and correct copy of such contract being attached to the Plaintiff's Petition in the case and appearing in the evidence in the case.

"2. The Defendant, L. R. GARRETT, without being authorized to do so by the makers of the note, detached such note from the contract, obliterated the words 'Exhibit A' on the note, and transferred it to the Plaintiff, Gilligan, by endorsing it as follows:

'I, L. R. Garrett, transfer, sell and assign all rights, title and interest in this note to B. F. Gilligan, and further guarantee payment with interest as appears on the face of the note.

S/ L. R. Garrett

S/ Ivan R. Brown'

"3. The construction of the mausoleum project in the City of Brownsville contemplated by the contract in evidence between Modern Mausoleums, Inc. and the Defendants Gearhart was never commenced and was abandoned as a project.

"4. There was in existence a corporation known as Modern Mausoleums, Inc., duly incorporated under the laws of the State of Texas, at all times pertinent. L. R. Garrett did not at any time have on file any assumed name certificate which showed him doing business under the assumed name of Modern Mausoleums, Inc."

"CONCLUSIONS OF LAW

"1. The removal of the note sued upon from the contract to which it was attached marked Exhibit 'A', under the undisputed facts in this case, was a material alteration by reason of which Plaintiff acquired same subject to the defenses of the makers.

"2. In addition to there having been a material alteration of the note, the endorsement was such that Plaintiff could not, as a matter of law, be a holder in due course.

"3. The conditions upon which the note sued upon was to become an effective note were never met by reason of which it never became effective as a promissory note. Alternatively, the conclusion could be that there was complete failure of consideration or want of consideration.

"4. In view of the action taken by the Court in granting Defendant's motion for judgment non obstante veredicto, there is no necessity for passing upon the Defendant's motion for mistrial based upon jury misconduct, though on the basis of the affidavits submitted, it appears to the Court prejudicial jury misconduct had occurred."

Appellant urges six points of error contending in substance that the trial court erred as follows: (1) in its conclusion of law no. 1, (2) in its conclusion of law no. 2, (3) in its conclusion of law no. 3, (4) in stating in the fourth conclusion of law "that there appeared to be prejudicial jury misconduct, however, the court was not going to act on defendants' motion for mistrial in view of the action of the court in sustaining defendants' motion for judgment non obstante veredicto", (5) in granting defendants' motion for judgment non obstante veredicto, and (6) in overruling appellant's motion for judgment in view of the jury's answers to the charge and from overwhelming preponderance of the evidence adduced from the witness stand that appellant was a holder in due course.

We sustain appellees' first counterpoint reading as follows:

"The trial court correctly granted appellees' motion for judgment, non obstante veredicto, because as a matter of law there had been a material alteration of the promissory note, thereby affecting its negotiability and rendering it void, even in the hands of a holder in due course."

The undisputed evidence established that appellees entered into a contract dated March 17, 1962, with Modern Mausoleums, Inc. which provided that appellees were to construct a mausoleum for Modern Mausoleums, Inc. in Brownsville, Texas, and that appellees would purchase a room in an existing mausoleum at McAllen, Texas. The promissory note sued on herein was attached to the contract as "Exhibit A" and was given in part payment for said room. Payment of said note was conditioned upon commencement of construction of the mausoleum under the terms of the contract. The contract was never performed by either party. However, Garrett without the knowledge or consent of appellees detached the promissory note from the contract and sold it to appellant. It was conclusively established that the note sued upon was a part of the construction contract. The contract referred to the note as "Exhibit A" and the words "Exhibit A" were typewritten across the face of the note near the top center thereof. The words "Exhibit A" on the note were partially marked out in ink but still can be read on the exhibit offered in evidence. Two sets of handwritten initials also appeared on one side of the words "Exhibit A".

Under these conditions the detachment of the note from the contract of which it was a part constituted a material alteration and rendered the note non-negotiable and void even in the hands of an innocent purchaser for value. Spencer v. Tripplett, 184 S.W. 712 (Tex.Civ.App., Amarillo 1916, n. w. h.); Commercial Security Co. v. Hull, 212 S.W. 986 (Tex.Civ. App., San Antonio 1919, n. w. h.) and Citizens' Nat. Bank v. Campbell, 6 S.W.2d 799 (Tex.Civ.App., Eastland 1928, n. w. h.). See, also, Stevens v. Wheeler, 3 S. W.2d 122 (Tex.Civ.App., Waco 1928, wr. dism.).

For the foregoing reasons it appears that the trial court properly rendered judgment non obstante veredicto in favor of appellees pursuant to their motion for such relief. Rule 301, Texas Rules of Civil Procedure. Discussion of appellant's remaining points is deemed unnecessary.

The judgment of the trial court is affirmed.