### BROWN v. MICHIGAN RAILWAY CO.

1. NEGLIGENCE—HIGHWAYS AND STREETS—IMPLIED INVITATION.
   Where defendant railway company, while engaged in constructing a crossing under a highway, closed the highway and leased ground to the north to provide a passageway for travelers around the intersection, a traveler was there by implied invitation, and if defendant failed to use ordinary care to keep the way reasonably safe for travel, it must respond in damages to one injured by reason thereof without fault upon his part.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Evidence as to defendant's negligence and plaintiff's contributory negligence, *held*, to present questions for the jury.

3. SAME—LICENSEE—INVITEE—QUESTION OF LAW.
   There being no conflict in the testimony, it was a question of law for the determination of the court whether plaintiff was a licensee or an invitee.

Error to Kent; Perkins, J. Submitted January 31, 1918. (Docket No. 112.) Decided July 18, 1918.

Case by Edward Brown against the Michigan Railway Company and another for personal injuries. Judgment for defendants on a directed verdict. Plaintiff brings error. Reversed.

*Nichols & Shaw* (*James K. Nichols*, of counsel), for appellant.

*Bernard J. Onen* (*Charles E. Ward*, of counsel), for appellees.

BIRD, J. In the year 1913, plaintiff was a farmer and resided on his farm in Gaines township, Kent county. He was also the owner of another farm in Byron township, which he operated. He traveled from one to the other with his teams and tools over an east and west highway extending through said townships. Early in the spring of 1913 defendants reached this highway in the construction of their interurban railway. The plan of crossing the highway was at right angles and a separation of grades, the highway passing over the railway. Soon after commencing the work the highway became impassable to travelers and as a consequence they veered to the south and went around the construction work. The owner of the land on the south side put an end to this by putting up his fences. Then travelers began to pass around to the north, and later defendants leased ten acres lying immediately north of the intersection to provide a passageway for them around the intersection. On the evening of August 21st plaintiff was returning from the Byron farm to his home with two teams and a lumber wagon. While driving around the construction work and over the leased land in the traveled track the wagon was driven into a deep hole from 18 to 24 inches deep, situate in or near the traveled way. The jolt occasioned thereby threw plaintiff off the wagon and severely injured him.

At the conclusion of plaintiff's proofs defendants requested a directed verdict alleging several grounds therefor. This request was granted and placed upon the ground that plaintiff was a licensee and, therefore, took the temporary road as he found it. Plaintiff complains of this instruction and insists that he was an invitee and not a licensee, and by reason thereof it was the duty of defendants to see that the temporary way over which he was invited to pass was in a reasonably safe condition for public travel.

1. There appears to be no disagreement between counsel as to the measure of liability of defendants in case plaintiff should be adjudged either a licensee or invitee, but their disagreement arises over the question whether the evidence made him a licensee or invitee, while using the temporary way. It is perhaps true that no express invitation was given plaintiff to use the temporary way, but we think the facts of the case show that an implied invitation was extended to him. The obstruction of the highway at the intersection, coupled with a temporary way around it, would suggest to the average traveler an invitation to use it. Add to this the fact that defendants leased the land for this very purpose, and that it was to their advantage for travelers to use it rather than to insist on their right to proceed on the highway, it shows an implied invitation to use the temporary way. In other words, it is a fair inference from the testimony that defendants desired to obstruct the highway at the intersection for their own convenience; they leased land adjoining the obstruction and furnished the public a temporary way around it in consideration of the public waiving its right to travel upon the highway while the work was progressing. Under these circumstances plaintiff was on their premises by implied invitation and if they failed to use ordinary care to keep the way reasonably safe for travel, and by reason thereof plain-

tiff was injured, without fault upon his part, they must respond in damages for such default. *Stewart* v. *Railway Co.,* 89 Mich. 315. In this case it is said:

"It is true, as contended, that the owner of premises is under no legal duty to keep them in good repair for the accommodation of persons who go upon them for their own convenience merely. Where a person has a license to go upon the grounds or the inclosure of another, he takes the premises as he finds them, and accepts whatever perils he incurs in the use of such license. But when the owner or occupant, by enticement, allurement, or inducement, whether express or implied, causes another to come upon his lands, he then assumes the obligation of providing for the safety and protection of the person so coming, and for any breach of duty in that respect such owner or occupant becomes liable for any injury which may result to the person so caused to come onto his lands. The enticement, allurement, or inducement, as the case may be, must be the equivalent of an express or implied invitation. Mere acquiescence in the use of one's lands by another is not sufficient. Such an implied invitation may be inferred from some act or line of conduct or from some designation or dedication."

But it is argued that defendants were under no legal duty to provide a temporary way, that it was a mere gratuity and, therefore, they are not liable. Conceding, for the sake of argument, that defendants were under no legal obligation to furnish a temporary way, the fact remains that they did furnish one and impliedly invited the public to use it and in so doing they assumed the duty to use ordinary care to keep it reasonably safe for public travel. *Stewart* v. *Railway Co., supra; Retan* v. *Railway Co.,* 94 Mich. 146.

2. Another ground advanced by defendants for a directed verdict was that the testimony showed that plaintiff was guilty of contributory negligence. This argument is based largely upon the fact that plaintiff was familiar with the surroundings, having been back and forth between his farms frequently while the

work was in progress. It appears from his testimony that he did not see the hole before driving into it, that he had never seen it, and it does not appear that it was so obvious that his failure to see it was negligence. As the record stood at the close of plaintiff's proofs this question was one for the jury, as well as the question of the defendants' negligence. The trial court was right in determining as a matter of law the question whether plaintiff was a licensee or an invitee, as the testimony concerning it was not in dispute.

The judgment is reversed and a new trial ordered with costs of both courts to plaintiff.

MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred. OSTRANDER, C. J., and KUHN, J., did not sit.